29 109
76 467
29 109
80 73

KULINSKI and others, Trustees etc., vs. DAMBROWSKI.

*Religious Societies. Evidence.*

1. The statute relating to the incorporation of religious societies must be at least *substantially* complied with, in order to create such a corporation.
2. It is of the substance of the proceeding that notice of the election of trustees be publicly given by a person having authority under the statute, and on the Sabbaths named in it; otherwise it is as if no notice were given.

3. It is also of the substance of the proceeding that the election be held at the church or meeting-house, or other place where the congregation statedly meet for divine worship; and also that *three* trustees be elected.

4. Whether the "Minister" of such a society is eligible to the office of a trustee, and whether, if so, a statement in the certificate that the minister was elected "president of the trustees" (two other persons having been chosen trustees) would sufficiently show that he was elected a trustee, *query*?

5. The trustees of a religious society are mere agents to give effect to the will of the corporators, or a majority of them, as to all matters within the scope of the corporation.

6. *Query*, therefore, whether equity would interfere to restrain the removal of a church building, at the suit of the trustees, where it plainly appeared that a majority of the corporators were in favor of such removal, even though they had not expressed their will at any legal meeting of the society.

7. It is incumbent upon parties suing as trustees of a religious society, to show the existence of the corporation, by proof of its organization, under the statute, or by proof of user, and that they are at least *de facto* trustees thereof.

8. A certificate of the organization of a religious society and the election of trustees, which does not show that the notice of the time and place when the election would be held was given by a person authorized to give it, nor that it was given for two successive Sabbaths on which the church or congregation statedly met for public worship, nor that the electors were assembled "at their church or meeting-house or other place" where they statedly attended for divine worship, is not sufficient to establish their legal existence as a corporation.

APPEAL from the Circuit Court for *Portage* County.

This action was brought by the appellants as trustees of the Church of St. Joseph in the town of Sharon in said county, to restrain the defendant from forcibly removing the church buildings and other temporalities of the church.

The plaintiffs allege in their complaint, that the congregation of that church duly organized themselves into a corporation, under chap. 66, R. S., and have for several years annually elected trustees, and that they are its trustees duly elected, and have the charge and custody of the church building and other buildings,

and all the temporalities of the congregation; that the defendant is the present officiating priest of the congregation; and that he has threatened and intends to tear down and remove the church and other buildings, and that such removal is contrary to the wishes of said trustees and of the congregation, and if done will result in great damage to them; and asks that he and his employees may be enjoined from so doing.

The defendant denies that the congregation is duly organized as a corporation, and that the plaintiffs are trustees; and himself claims the care, custody and control of the property and temporalities of the church as officiating priest.

At the trial, which was by the court without a jury, the plaintiffs introduced in evidence without objection, a certificate in the following terms, viz:

"*To all to whom these present may come:*

"This certifies, that on the 11th day of June, A. D. 1866, at a meeting of the congregation of the church of St. Joseph, in the town of Sharon, county of Portage, and state of Wisconsin, held pursuant to notice given more than fifteen days prior to the 11th day of June, and for two successive Sabbaths previous to such meeting, upon each of which the congregation was assembled for worship, an election was held for the purpose of choosing and electing the trustees to take charge of the estate and property of the said church, and to transact all its temporal affairs; that we, the undersigned, Rev. Bonaventura Buerzinski and Peter Konapaski, members and officers of said church were, by the qualified electors then present, nominated to receive the votes and to determine the qualifications of voters. That the whole number of votes cast at said meeting was twenty-two.

" And we do further certify and declare that Rev. Bonaventura Buerzinski was duly elected president of the trustees, and Peter Kadroski and Thomas Licprizki were elected trustees of said church, and that their title and corporate name is The Trustees of the Church of St. Joseph.

"In witness whereof, we have hereunto set our hands and seals this 11th day of June, 1866.

"BONAVENTURA BUERZINSKI, [SEAL.]
"PETER KONAPASKI.                    [SEAL.]
"Witnesses: MATTHIAS LEMONIS and H. TUCK."

And followed it by proof that they were acting trustees.

Evidence was introduced on both sides as to the action of the defendant — the comparative convenience and accessibility of the present site and that to which it was proposed to remove the buildings, and the wishes of the congregation as to such removal; and the court found as follows, viz.:

· "1. That the congregation of the church of St. Joseph did not organize themselves under chapter 66 of the Revised Statutes, into a corporation.

"2. That the above named plaintiffs in this action were not elected trustees of said church under said chapter 66 of the Revised Statutes.

"3. That the defendant, as pastor of such church, has the care and custody of the church building, dwelling house, and other buildings, appurtenances thereto.

"4. That the defendant and a large majority of the congregation of said church intend and desire to remove the said church building, dwelling house and buildings, appurtenances thereto, to another location, about one mile and three quarters distant from the present location, and that such removal will be highly beneficial to such church and congregation.

"And, as a conclusion of law thereon, that the plaintiffs have no cause of action against the defendant, and that the defendant, with the consent of his congregation, has the right to make such removal, and that the defendant is entitled to judgment against the plaintiffs for his costs in this action."

Judgment was accordingly entered for the defendant; from which the plaintiffs appeal.

*G. L. Park*, for appellants, argued that the certificate of organization was competent and sufficient evidence of the exis-

tence of the corporation, without proof of user, citing Angell & Ames on Corporations 572 ; that the plaintiffs were shown to be trustees *de facto*, and their right to act could not be inquired into in a collateral action, citing Angell & Ames on Corp., 104, 574–5.   2 Kent Com., 355 ; that a substantial compliance with the law in relation to the incorporation of religious societies and acting in good faith under it was sufficient ; that the laws furnished a remedy for the disturbances complained of by the defendant, and that the rules of the church were nullities when in conflict with the law, and the action of the trustees could not legally be controlled by the congregation, except by vote at a lawful meeting.

*J. O. Raymond*, for respondent, contended that the certificate was not of itself evidence of the regularity of the proceedings, citing *Williams v. Holmes*, 2 Wis., 129 ; that such certificate showed the election of only two trustees, whereas the law (R. S., ch. 66, sec. 1), requires at least three, the priest being only elected president of the corporation under section 2 ; that it did not show that the meeting was held at the proper place or was properly noticed.   Evidence that the plaintiffs were acting trustees without proof of any acts done by them, was not sufficient.

Dixon, C. J.   It was incumbent on the plaintiffs to show the existence of the corporation of which they claim to be the trustees and officers, in order to maintain their action.   The existence of the corporation, its organization or the creation of it under the statute, being shown, it might then be that color of office on the part of the plaintiffs—proof that they were acting as trustees of the church or were such *de facto*, would suffice. But it must be shown that there was a corporation of which the plaintiffs claimed to be the trustees.   This was not done either by proof of organization under the statute or by proof of user. The former was the only proof attempted and it signally failed. The certificate introduced in evidence did not show that the notice of the time and place where the election would be held

Kulinski and others, Trustees etc., vs. Dambrowski.

was given by any person authorized, nor that it was given for two successive Sabbaths on which the church or congregation statedly met for public worship. R. S. C. 66, § 3. Neither did the certificate show that the persons belonging to the church or congregation and constituting the electors, were assembled " at the church or meeting house, or other place" where they statedly attended for divine worship. Id. § 1.

Proof of these facts, made necessary by the statute in order to create the corporation, was not, if any such facts ever existed, otherwise supplied or offered to be. These were under any, even the most liberal, rule to be applied in favor of religious corporations, fatal defects in the proofs to show an organization of the church or society as a body corporate under the statute, the provisions of which, to attain that object, must, to say the least, be substantially complied with. It is of the substance of of the proceeding that the election be publicly notified by a person having authority under the statute, and on the Sabbaths named in it, otherwise it is as if no notice were given and the members and hearers may disregard it. It is also of the substance of the proceeding that the election be held at the church or meeting house, or other place where the congregation statedly meet for divine worship. These provisions are intended to secure certainty in the notice, and certainty in the place of election, so as to give all members or hearers entitled to vote an opportunity to be present at the election, and to express their views or declare their preferences in that way. They are designed to secure fairness and to prevent fraudulent or improper practices in the election, and are, therefore, imperative in their character and not be disregarded or dispensed with by any latitudinary rules of construction.

The certificate likewise failed to show a compliance with the statute by the election of at least three trustees, unless the election of the officiating priest as "president of the trustees" is to be regarded as an election of him to the office of trustee. Without this, there were but two trustees elected, while the

statute declares the number shall not be less than three. The trustees are to be " discreet persons of the church, congregation, or society." The second section of the statute enacts that "it shall be lawful for any such church, congregation, or society, to choose their minister to be the president of the said corporation, and of their meeting, by a vote as aforesaid." Since the objections above noticed are decisive against the validity of the proceedings, it is unnecessary now to enquire whether the person elected "president of the trustees" was a trustee duly chosen, or whether under the provisions of the statute the "minister" is eligible at all to the office of trustee. Counsel for the defendant understands only that he was elected president of the corporation, under section two, and thinks the statement in the certificate should be so construed.

There is also, we think, much force in the other view taken or suggested by the learned judge of the circuit court, in his opinion, that, although there was a corporation and the plaintiffs the trustees, yet, it appearing that a majority of the congregation or members of the society were in favor of the removal of the church edifice and other buildings, equity would not interfere by injunction to stay or prevent such removal at the suit of the trustees. Doubtless, in that case, as argued by counsel for the plaintiffs, a legal expression of the will of the corporators could only be obtained at a corporate meeting or election regularly called; still, it being clearly established in evidence in a court of equity that a majority of the corporators were in favor of such removal, and opposed to the action of the trustees, that court might not await such legal expression of the corporate will of the members before dismissing the bill. The trustees are the mere agents of the corporators, or of the majority of them, to carry out and give effect to their wishes as to all matters within the scope and purposes of the corporation, or which it may lawfully do, and the granting of the writ of injunction always rests in the sound discretion of the court.

A proper consideration of these principles might, therefore,

well lead to a dismissal of the action or bill in the case supposed, even without a corporate vote in favor of the removal of the church building to another place.

By the Court.—Judgment affirmed.