SKINNER and others, Trustees, Appellants, vs. RICHARDSON, BOYNTON & COMPANY, Respondent.

*March 22 — April 8, 1890.*

*Pleading: Parties: Trustees of M. E. church: Presumption as to incorporation: Contracts: Estoppel.*

A complaint alleges that the Barstow Street M. E. Church is a religious society, duly organized under the laws of this state, and that the plaintiffs are, and at all times mentioned were, the trustees thereof; and that, as such trustees, they made the contract in suit with the defendant. The contract (which is made a part of the complaint) is signed by other persons as trustees. *Held*, on demurrer:

(1) There being statutes under which such trustees could have been incorporated, it will be presumed that they were, and that they have legal capacity to sue.

(2) Construed as a whole the complaint shows that the plaintiffs are the successors of the trustees who signed the contract, and the latter need not be joined as plaintiffs.

(3) The defendant, having contracted with such trustees, is estopped from questioning their authority to enter into such contract.

APPEAL from the Circuit Court for *Eau Claire* County. The case is sufficiently stated in the opinion.

For the appellants there was a brief by *V. W. James*, attorney, and *W. P. Bartlett*, of counsel, and oral argument by *Mr. Bartlett.*

For the respondent there was a brief by *George C. & Fred. A. Teall*, and oral argument by *George C. Teall.* They contended, *inter alia*, that the plaintiffs have not legal capacity to sue. If the corporation has a right of action it must sue *in its corporate name.* R. S. secs. 1748, 3204; Barbour, Parties, 59, sec. 7; *Binney v. Plumley*, 5 Vt. 500; *Charboneau v. Ilenni*, 24 Wis. 250. Under sec. 8, ch. 66, R. S. 1858, and ch. 379, P. & L. Laws of 1868, the trustees might sue "in their corporate name," and were "a person in law." But the corporate name was generally "The Trustees of —— Church," as in *Trustees v. Hoessli*, 13 Wis. 348. And those statutes have been superseded by sec. 3, ch. 411, Laws of 1876, which provides that "the society named therein shall be a corporation . . . and *by their corporate name* may sue and be sued," etc. See, also, secs. 9, 10, of said ch. 411. This statute law is now embraced in secs. 1995, 1997, 1748, 3204, R. S. See Revisers' Notes to sec. 1990.

ORTON, J. The defendant demurred to the complaint on the grounds (1) that the plaintiffs have not legal capacity to sue; (2) that there is a defect of parties plaintiff, in not making the church a party plaintiff and omitting the names of two trustees; and (3) that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained, and this appeal is from the order sustaining the same.

The complaint alleges, substantially, that the Barstow-Street Methodist Episcopal Church is a religious society duly organized under the laws of this state, and the plaintiffs are the trustees thereof, and were at all times alleged in this

complaint, and that they entered into a written agreement about the 16th day of April, 1883, with the defendant, whereby the plaintiffs agreed to purchase of the defendant a certain furnace for the sum of $230, to be used in the church building of said church in the city of Eau Claire, for heating the same, and the defendant guarantied that the church building could be heated in a good and comfortable manner with said furnace, and, in case it failed to so heat the same, the defendant agreed to take it out and replace it by another, larger furnace, and if that should not so heat said building the money paid should be refunded to the plaintiffs, and all money that they should pay, or had paid, for freight, cartage, and other charges. The plaintiffs paid to the defendant the said sum of $230, and performed their part of the contract in every respect, and the defendant put into said church building said furnace; but it entirely failed to so suitably heat the same. The plaintiffs notified the defendant to take it out and replace it with a larger furnace, and the defendant refused to do so. Thereupon, and more than twenty days before the commencement of this suit, the plaintiffs demanded the payment of said $230 by said defendant, which was refused.

The written contract referred to was embodied in the complaint, and commences as follows: " Agreement made this 16th day of April, A. D. 1883, between *Richardson, Boynton & Company*, party of the first part, and the trustees of the Barstow-Street Methodist Episcopal Church, party of the second part, witnesseth," etc. The agreement is signed for the party of the second part by M. J. Lawton, Elisha Ross, and Oramel Walker. The names of the trustees in the title of the action are *Anna Skinner*, *J. F. Tinker*, *M. J. Lawton*, *A. L. Buck*, *Phineas D. Bent* and *D. W. Sherman*.

1. Have the plaintiffs the legal capacity to sue? The learned counsel of the respondent contends that by ch. 411,

Laws of 1876, and by the general statute of corporations, and for the incorporation of religious societies, in the Revised Statutes of 1878, the trustees are not a body corporate to sue and be sued. Ch. 89, Laws of 1849, makes the trustees of the Methodist Episcopal Church a body corporate, with the power to sue and be sued. Sec. 8, ch. 66, R. S. 1858, makes the trustees of all religious societies a body corporate, with power to sue and be sued. Ch. 379, P. & L. Laws of 1868, makes the trustees of the Methodist Episcopal Church a body corporate with the same power, and ch. 385, Laws of 1885, so amends sec. 1997, R. S., as to make valid all corporations formed under the above ch. 379, Laws of 1868. Sec. 1995, R. S., specially excepts from the provisions of that chapter corporations of religious societies, and confirms them, and provides that such as were created by previous laws shall be governed by the statutes now applicable thereto, notwithstanding their repeal, in the same manner as if they were not repealed, until they are organized under said chapter.

It will be observed that there are general and private statutes relating specially to the incorporation of the trustees of the Methodist Episcopal Church, and have been since 1849. It does not appear but that the trustees of this church were incorporated under these statutes. It is sufficient for this demurrer that they could have been lawfully incorporated, and the presumption is that they were. These statutes would seem to be still in force in relation to the trustees of this particular church.

It is more questionable whether there is any other corporation besides the trustees. *Trustees v. Hoessli*, 13 Wis. 348; *Kulinski v. Dambrowski*, 29 Wis. 109. In these cases the trustees had the right to sue under these statutes, or some of them, and, if their incorporation has not been changed, they would still have that right. The trustees hold the property of the society, and are charged with the

management of all of its temporalities, and have the power to contract, and it is not certain that they are not trustees of an express trust and therefore have the right to bring suit in their own names under sec. 2607, R. S.

2. It is claimed that the trustees who signed the contract should have been joined as party plaintiff. The complaint embodies the contract, and it must be construed as an entirety. It appears that the plaintiffs are the successors of those who signed the contract, or a different set of trustees. The allegations of the complaint, that the present trustees signed the contract and have been trustees all the times alleged in the complaint, should be treated as corrected or explained by the contract itself.

3. It is contended that the complaint does not state a cause of action, because it does not aver that the said trustees were duly authorized by a vote of the society or aggregate body to enter into the contract. The defendant is estopped from questioning the authority of the trustees by entering into the contract with them. *Whitney v. Robinson*, 53 Wis. 310, and cases cited in the opinion.

The complaint does not appear to be demurrable on the grounds stated, and the demurrer should have been overruled.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded for further proceeding according to law.