Ed. Schuster & Co., Inc., Respondent, vs. Kuryer Publishing Company, Appellant.

*March 13—April 4, 1917.*

*Contracts: Authority of agent: Ratification: Option to renew advertising contract: Injunction against breach: Equity: Irreparable injury.*

1. Even if the advertising manager of the defendant newspaper publishing company had no authority to contract with plaintiff for the publishing of a stated quantity of advertising for a period of three years at a fixed rate, with an option for a two-years renewal, yet, where such contract came to the notice of defendant's business manager within the three years and he, having full authority, failed to disavow it and the defendant continued to receive and publish plaintiff's advertising in accordance with its terms, the contract became binding in its entirety.

2. Defendant having refused to publish plaintiff's advertising after the original three-year period unless plaintiff would agree in advance to pay a higher rate, and it appearing that an irreparable injury to plaintiff would result from such threatened breach of the contract, and that the damages could not be ascertained under any legal rules, defendant was properly restrained from breaching the contract.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Affirmed.*

This action is brought in equity to restrain the defendant from breaching the terms of an advertising contract.

The plaintiff is a corporation duly organized and existing under the laws of the state of Wisconsin and operates three department stores. The defendant is also a corporation existing by virtue of the laws of the state and publishes a newspaper in the city of Milwaukee. On or about the 18th of February, 1913, the merchandise manager of the plaintiff and the advertising manager of the defendant contracted as follows:

"We hereby agree to contract with *Ed. Schuster & Co.* to sell you fifteen thousand (15,000) inches or more of space in the Kuryer Polski, to cover three (3) years, beginning

with March 1, 1913, and ending February 28, 1916, at the rate of 18c. per inch, bills to be payable before the 15th of each month following. It is also understood that 5001 inches, or more, are to be used each year. . . .

"The right is hereby granted to *Ed. Schuster & Co.* to renew this contract for another two years, under like conditions and at the same rate."

The contract was executed for three years by the parties. On December 27, 1915, the plaintiff elected to renew the contract under the option contained therein and notified the defendant of such election by mail. It appears that the defendant corporation had a rule that all contracts for advertising for a period of more than one year must be submitted to the business manager of the corporation. At the time of making this contract plaintiff had no knowledge of such a rule of defendant. The contract, however, came to the notice of the business manager of the defendant corporation some time after August 1, 1914, and the defendant continued to furnish advertising to the plaintiff thereafter in accordance with the terms of the agreement and in no way disavowed the contract. After March 1, 1916, the defendant refused to accept and publish the advertisements tendered it by the plaintiff, except upon the condition that the plaintiff would in advance of publication agree to pay a higher rate of advertising than the rate set forth in the original contract.

The circuit court adjudged that the defendant corporation be permanently enjoined and restrained during the continuance of the two years' extension of the contract after March 1, 1916, from refusing to receive and publish the advertising tendered by the plaintiff in compliance with the terms and conditions of such contract. It was also adjudged by the court that the plaintiff recover from the defendant nominal damages and its costs and disbursements of the action. From such judgment this appeal is taken.

For the appellant the cause was submitted on the brief of *Cochems & Wolfe* of Milwaukee.

*William Kaumheimer* of Milwaukee, for the respondent.

'SIEBECKER, J. There is no dispute concerning the terms of the contract as originally agreed upon between the plaintiff's merchandise manager and defendant's advertising manager on February 18, 1913. The court's finding that the "contract came to the notice of said Michael Kruszka, business manager of said defendant, some time after August 1, 1914; and that after it came to his notice the said defendant continued to receive advertising from the said plaintiff in accordance with and pursuant to the terms of the contract and did not disavow the same," is sustained by the evidence and hence cannot be disturbed on appeal as against the clear preponderance of the evidence. In the light of these facts it must be held that the contract became and is a binding obligation on the defendant in its entirety and plaintiff had the right to elect as it did to extend the contract for two years from March 1, 1916. The evidence shows that defendant refused to receive and publish plaintiff's advertisements in its paper, as required by the contract, after March 1, 1916, unless plaintiff agreed in advance to pay a higher rate for this space in defendant's paper which it had sold to the plaintiff under the contract. It is manifest that, had plaintiff complied with defendant's demands in the respect mentioned, plaintiff would thereby have waived its right to recover compensation for the breach of the contract and the right to have the contract specifically enforced. Under such circumstances it was the plaintiff's right to stand upon the terms of the agreement and seek the redress the law affords for defendant's refusal to perform the obligations the contract imposes. The plaintiff asserts that the threatened

breach of the contract would cause it irreparable damage and therefore invoked equitable interposition to prevent defendant from carrying out such threatened breach of the agreement.

The court found, as the evidence establishes, that the damages resulting from such a breach of the agreement, under the peculiar and special nature of the contract, are impossible of ascertainment and hence a legal measure thereof cannot be arrived at to compensate plaintiff in an action at law. Under the facts and circumstances shown by the record it is obvious that if plaintiff is deprived of advertising its business in defendant's paper as specified in the contract the loss thereby occasioned cannot possibly be ascertained within any legal rules and would result in irreparable injury. This state of the case furnishes ample basis for invoking equitable jurisdiction to restrain defendant from committing the threatened breach of the contract. *Langan v. Supreme Council A. L. of H.* 174 N. Y. 266, 66 N. E. 932; *Marble Co. v. Ripley,* 10 Wall. (77 U. S.) 339; *Rolfe v. Burnham,* 110 Mich. 660, 68 N. W. 980; *Inter-Ocean P. Co. v. Associated Press,* 184 Ill. 438, 56 N. E. 822; *Humphryes Mfg. Co. v. David Williams Co.* 70 Misc. 354, 128 N. Y. Supp. 680.

*By the Court.*—The judgment appealed from is affirmed.

ESCHWEILER, J., took no part.