6]     AUGUST TERM, 1918.     165

Oconto E. Co. v. Oconto. S. Co. 168 Wis. 165.

OCONTO ELECTRIC COMPANY, Respondent, vs. OCONTO
SERVICE COMPANY, imp., Appellant.

*October 11—November 6, 1918.*

*Judgment: On appeal: Matters concluded: Public utilities: Con-
tracts for municipal lighting: Stipulation before railroad com-
mission: Specific performance: Equitable estoppel: Injunc-
tion.*

1. A former decision in this court that the plaintiff company's
   contract with a city for municipal lighting was valid and
   that a similar contract between the city and the defendant
   company was invalid, did not involve questions as to the
   city's right to breach plaintiff's contract or as to plaintiff's
   right to enforce specific performance; and neither of those
   matters is *res judicata.*
2. A contract with a city to do municipal lighting may be spe-
   cifically enforced where it has a distinctive and peculiar value
   other than a pecuniary one and where a remedy by way of
   damages for its breach would be inadequate.
3. A stipulation between rival lighting companies, made in a pro-
   ceeding before, and at the suggestion of, the railroad com-
   mission, providing, among other things, that if it should be
   determined (in pending or proposed litigation) that one of
   said companies was entitled to do certain municipal lighting
   it might for a time use the equipment of the other company
   for that purpose, was in the nature of a contract and en-
   forceable as such.
4. In view of the material change in plaintiff's former status, in-
   duced by the conduct of the city and the defendant company
   connected with said stipulation, and the expense and delay
   occasioned by plaintiff's prosecution of the former action in
   reliance thereon, the court should intervene, on the ground
   of equitable estoppel, to restrain the city from breaching the
   contract with plaintiff and to enforce specific performance of
   it and of the stipulation.
5. Injunction is a proper remedy, in such a case, to enforce
   plaintiff's rights and prevent irreparable injury.

APPEAL from an order of the circuit court for Oconto
county: W. B. QUINLAN, Circuit Judge. *Affirmed.*

This is an action brought by the *Oconto Electric Com-
pany,* a public service corporation which has an indetermi-
nate permit to do public commercial lighting in the city of

Oconto, against the city of Oconto and the *Oconto Service Company,* which has a similar permit, (1) to declare void the acts of the mayor and common council of Oconto in resolving to breach an existing contract for public lighting made between the city and the plaintiff in 1914 and expiring August 7, 1919, the validity of which has already been upheld by this court, and requiring the city to perform the contract; (2) to declare void and set aside, on the ground of false representations alleged to have procured them, certain resolutions and contracts of the mayor and common council of Oconto, entering into a new contract with the *Oconto Service Company* for public lighting for the period commencing August 7, 1917, and ending August 7, 1927; (3) to compel specific performance of plaintiff's contract and of a certain stipulation entered into between the rival companies before the Wisconsin railroad commission pending litigation then proposed, as to which the plaintiff now claims an interpretation requiring the defendant, which has only poles, wires, and plant sufficient to perform said public lighting in Oconto, to surrender the same to the plaintiff company and permit the same to be used by the plaintiff in the performance of the same service at such compensation as may be fixed by the railroad commission, until the two companies can agree upon a sale price or until plaintiff can supply a duplicate equipment of its own.

The defendants demurred separately to the complaint as not stating a cause of action as against both defendants and each separately. The trial court overruled the demurrers. The *Oconto Service Company* appeals from the order.

For the appellant there were briefs by *Kittell, Jaseph & Redfield* of Green Bay, *Classon & O'Kelliher* of Oconto, and *John Thompson* of Oshkosh, and oral argument by *Lynn D. Jaseph.*

For the respondent there was a brief by *Allan V. Classon* of Oconto and *Greene, Fairchild, North, Parker & McGillan* of Green Bay, attorneys, and *George G. Greene* and *Jerome*

*R. North,* of counsel; and the cause was argued orally by *Mr. North.*

SIEBECKER, J.   The appellant insists that the city has the right to breach plaintiff's contract with the city (dated May 20, 1914) for doing the municipal lighting in Oconto for five years from August 7, 1914, upon the authority of the decision of this court in the action brought by plaintiff against the city and appellant (then the Peoples Land & Manufacturing Company), which is reported in 165 Wis. 467, 161 N. W. 789. The claim is made that this court then adjudged and determined, by affirming the holding of the trial court, that the city had the right to breach plaintiff's contract. The circuit court held and adjudged that this contract beween the parties was valid and binding upon the parties "except as to the rate for service fixed thereby;" "that said *Oconto Electric Company* is not entitled to specific performance of said contract, but in case of breach thereof by said city is limited to the remedy of an action at law for damages." Upon this ground the appellant asserts that the city is within the right there established when it expressly canceled plaintiff's contract. As appears in the report of that case, the city council had made two contracts, one with the respondent and one with the appellant, for doing the municipal lighting for five years from August 7, 1914, and that the appellant and respondent each insisted on the validity of its contract to do the municipal lighting for that period. These respective claims under these contracts led to the prosecution of the litigation and a determination of the issues raised by the respective claims of the parties under the contracts.

It appears from the record that this court reversed the determination of the circuit court by adjudging that the appellant had no valid contract to do the municipal lighting for the five years beginning August 7, 1914, and affirmed the trial court's decision that respondent's contract to do

such lighting was valid and entitled it to occupy the municipal lighting field for that period. As a consequence of this determination by this court there was no question presented to this court to determine the right of the city to breach respondent's contract or to have it specifically performed. These questions are not necessarily involved in the decision of this court, nor did the court consider that such questions were determined by the decision of the case. The mandate of this court clearly did not approve what the trial court held to be the rights of the parties in the light of the facts found by it which were in part reversed by this court and thus eliminated these questions from the decision rendered. It follows that the former decision is not *res judicata* upon the right of the city to breach respondent's contract nor upon the question that respondent's contract is not specifically enforceable. The contract of the plaintiff with the city is of a class that have been deemed within the equitable jurisdiction for relief by specific performance when it appears that they are of a distinctive and peculiar value other than a pecuniary one, and where the relief in damages is not an adequate and efficient remedy to make good the loss sustained for a breach. *Burlington v. Burlington W. Co.* 86 Iowa, 266, 53 N. W. 246; *Walla Walla v. Walla Walla W. Co.* 172 U. S. 1, 19 Sup. Ct. 77; *Columbia W. P. Co. v. Columbia,* 5 S. C. 225; *Chicago M. G. L. & F. Co. v. Lake,* 130 Ill. 42, 22 N. E. 216; *Bienville W. S. Co. v. Mobile,* 112 Ala. 260, 20 South. 742; *Edison I. Co. v. Eastern Pa. P. Co.* 253 Pa. St. 457, 98 Atl. 652.

There can be no question of the binding effect of the provision of the stipulation made by the parties at the suggestion of the railroad commission and that such agreements are in the nature of contracts and subject to enforcement as such. *Deen v. Milne,* 113 N. Y. 303, 20 N. E. 861.

The allegation of fact concerning the making of this stipulation, the conduct of the parties connected therewith, plaintiff's prosecution of the former action in reliance there-

on, the costs and expenses incurred by plaintiff on account thereof, and the delays occasioned thereby in the enforcement of its rights under the contract, constitute such a material change of its rights and former status, to its disadvantage, which were induced by the appellant's and city's conduct, that they cannot now in conscience and equity be permitted to assume a different position which would deprive plaintiff of the fruits of the former litigation and an enforcement of its contract with the city established in that litigation. The morality and justice of the transaction and the rights of the plaintiff appeal especially to conscience and equity and afford a solid ground for the interposition by the court upon the principles of equitable estoppel. The grounds of such estoppel are clearly stated as follows:

"While waiver is not in the proper sense of the term a species of estoppel, yet where a party to a transaction induces another to act upon the reasonable belief that he has waived or will waive certain rights, remedies, or objections which he is entitled to assert, he will be estopped to insist upon such rights, remedies, or objections to the prejudice of the one misled." 16 Cyc. 805.

The city fully acquiesced in and accepted the benefits of the stipulation and the fruit of plaintiff's action, prosecuted in reliance thereon, and it would be unconscionable to permit it now to take the position of repudiating plaintiff's established right, to which it cannot now be restored nor be awarded a complete, adequate, and efficient remedy in a legal action. We are satisfied that the city should in equity be prohibited from canceling the plaintiff's contract and from refusing specific performance thereof as established in the former judicial proceeding under the stipulation of the parties. We are of the opinion that the complaint states a good cause of action for restraining the city from breaching such contract and thus compel it to perform the same. Injunction is a proper remedy for enforcing the rights of the plaintiff under the facts and circumstances presented here,

tending to show an irreparable injury. *Ed. Schuster & Co. v. Kuryer P. Co.* 165 Wis. 327 (162 N. W. 173) and cases cited on p. 330; *Chicago M. G. L. & F. Co. v. Lake,* 130 Ill. 42, 60, 22 N. E. 216; *Walla Walla v. Walla Walla W. Co.* 172 U. S. 1, 12, 19 Sup. Ct. 77.

The trial court properly overruled the demurrer to the complaint.

*By the Court.*—The order appealed from is affirmed.