By the Court. Bosworth, J.
The plaintiff demised certain premises to the defendants for ten years, from the 1st of May, 1850. The agreement was signed by both parties, and contained among others these provisions, viz. “ the premises to be preserved in tenantable order or condition by the lessees, no *19 alteration to be made without the consent of the lessor in writing.”
The complaint stated that certain alterations had been made without the plaintiff’s consent, and that the defendants intended to make further alterations. It does not aver that those made have been, or may be, injurious, or that those intended will be of that character. It prays judgment, that the “ defendants dt> put the said premises in the same order and situation that they were at the time the lease was given within a reasonable time, or that in default thereof this plaintiff be at liberty to cause the same to be done under the direction of a referee, and have execution against the said defendants for the expense of doing thereof.”
There is no difficulty in restraining the defendants from making further alterations; but it is physically impossible to put the premises “ in the same order and situation that they were ” at the time the lease was executed. The extension built can be' pulled down, and all.new materials that have been added can be removed, but the old materials cannot be restored, and if they could be, the court would not interfere to compel it to be done. Such an act could be of no benefit to the plaintiff.
If the alterations made can be shown to be an injury to the plaintiff, he has a perfect remedy by action to recover the damages. So far as the alterations that have been made can be regarded as a breach of the contract, it is a breach which cannot be repaired by placing the property in the precise condition in which it was before the alterations- were made. That is impossible. The court will not attempt to do things substantially impracticable, and which, if. done as nearly as is practicable in the nature of things, would not only be a great injury to the defendants, but would render the premises less, rather than more, valuable to the plaintiff.
There is no principle of equity, jurisprudence, nor of public policy, which can justify a court in attempting to exercise such a power (9 Law & Equi. R. 249; 6 Simons, 340). The lease does not provide that a breach of this part of the agreement shall work a forfeiture, or entitle the lessor to re-enter, nor does it provide what the consequences shall be. There is no *20 complaint that the premises are used for any purpose other than that for which they were hired, nor that the. alterations made do. not render the premises more valuable intrinsically, or for the business for which they were designed, or for any future use contemplated by the plaintiff.
If the plaintiff claimed damages for the alterations made, he should be allowed to make proof of damage, and if the proof established damage, compensation should be given in this action.
If the plaintiff prefers, before going into such proof, to wait until after the éffect of the alterations had b.een tested by time; the judgment should be so modified that he shall not he prejudiced by the finding in this suit, that as matter of fact, what has been done consists of repairs which actually improve the .building, instead of. alterations which are prohibited by the lease.
We think the judgment should he so modified as to absolutely ' prohibit all future alterations, hut without prejudice to the plaintiff’s right to bring an action to recover damages for any alterations that have been made, unprejudiced by any judgment in this action, that they are in fact beneficial and not an injury.
If the plaintiff prefers to make and try that claim in this action, he should be permitted to do so, and allowed to amend his complaint as may he proper for that purpose. Unless he makes such an election, a judgment will be entered modifying the judgment appealed from as above suggested, and in other respects affirming it, with costs.