Ingraham, J.
(dissenting).—I am unable to concur with the majority of the court that the judgment in this action should be affirmed.
It is not claimed by. this plaintiff that the defendant entered upon the premises, placed any stones upon them, *296 or did anything to them after the notice given to him in the spring of 1880, that the license to place rock upon the premises had been revoked ; but the defendant appears then to have abandoned possession of the premises, leaving the rock placed there before that time. The court refused to find that defendant was in possession at the time of the trial.
There is no evidence that would justify the court in holding that the defendant committed a trespass at any time. A trespass was not committed when the rock was placed upon the property, for defendant had, under the license, authority to put it there, which authority continued down to the spring of 1880. After that, defendant did not enter on the premises.
In Miller v. The Auburn & S. R. R. Co. (6 Hill, 61), the court held that a license until revoked, protects the defendant against an action for a wrong. “Indeed, there cannot, in the nature of things, be any legal wrong until the license is countermanded.” (See also Pierrepoint v. Barnard, 6 N. Y. 279).
That the defendant had broken his contract or agreement with the plaintiff is established, and for such breach plaintiff has an action at law for the damages caused thereby. The plaintiff claims «that a trespass was committed when the defendant left the rock upon the premises after the license was revoked, and failed to keep his agreement to remove it, and I understand the majority of the court sustain him in such claim. It appears to me, however, that this was a breach of contract, not a trespass. In Engle v. Owen (3 Duer, 15), relied on by plaintiff, the judgment appealed from required the defendant to rebuild and close up a doorway, so as to make the same equal to the other parts of the wall, under penalty of being deemed guilty of contempt of court. On appeal, however, this judgment was modified so as io prohibit future alterations only, the court saying, “If the alterations made can be shown to be an injury to the plaintiff, he has a perfect remedy by action to recover the damage.”
*297 Beach v. Crain (2 N. Y. 86) was an appeal from a judgment of a justice of the peace for the breach of a covenant contained in an agreement under seal.
In no case that has been cited, or that I have been able to find, has it been held that a trespass was committed because of the failure to remove an obstruction placed upon property under a license ; and I am of the opinion that under such circumstances no trespass is committed. The jurisdiction of a court of equity to restrain the commission of a trespass only attaches, however, when some further necessity for such interference appears than the trespass. It must either appear that the plaintiff has not an adequate remedy at law, or that the interposition of a court of equity is necessary to prevent a multiplicity of suits.
In N. Y. Printing, &c. Establishment v. Pitch (1 Paige, 99), the chancellor said, “ There must be something particular in the case to sustain the jurisdiction of the court, so as to bring the injury under ihe head of quieting the possession, or make out a case of irreparable mischief, or the value of the inheritance must be put in jeopardy by the continuance of the trespass.”
In this case neither of these conditions exists. The plaintiff has a perfect remedy at law, and all the damage sustained by him can be recovered in one action.
Plaintiff is in possession of his property ; the expenses of the removal of the rock can be ascertained with reasonable certainty, and that amount, together with the value of the use of the property from the time of the revocation of the license to the time at which the stones can be removed, will be full compensation to the plaintiff for all damage that he has sustained. No other or further action would be needed to place the plaintiff in exactly the same position in which he was before the stones were placed upon his premises. Nothing prevents the plaintiff from having the rock removed, and after such removal and his recovery of the amount of such damage, plaintiff’s remedy is complete.
*298 The case of Meyer v. Phillips (97 N. Y. 485), and cases of that nature are not authorities for the judgment in this case. There, the defendants were doing acts, each of which was a new trespass, and the court said, “This is not a case where the defendants threaten only to commit a single trespass, but they threaten and claim the right to repeat the trespasses every year.”
The necessity of equitable interference arises in such a case from the fact that an acquiescence by plaintiff in the wrongful act must ripen into a right by prescription.
Nor can the action be sustained as an action for the specific performance of a contract.
In Beck v. Allison. (56 N. Y. 366), the court refused to enforce a specific performance of a covenant to rebuild, holding that the execution of contracts of the kind will be found very difficult, if not impracticable, while a remedy at law would in nearly if not in all cases, afford full redress for the injury; and what is said in that case applies to the case at bar.
The case of Jones v. Seligman (81 N. Y. 190), was an action to compel a railroad company to maintain fences on its own land. It was clearly impracticable for the plaintiff to build the fences and maintain the crossings on the land of the railroad company.
I am of the opinion, therefore, that plaintiff failed to maintain a cause of action in equity, and the complaint should have been dismissed.
The trial judge found as a fact that unless the stones were used for paving Eleventh avenue they could not be removed in less than two years, and yet the judgment requires that they be removed in about sixty days.
This is, I think, the first case in which a court of equity has required an act which it finds will take two years to perform, to be performed in sixty days.