DePauw, Appellant, vs. Oxley, Respondent.

*September 27—October 18, 1904.*

*Trespass: Temporary injunction: Discretion.*

In an action for an injunction a complaint alleging plaintiff's ownership of a summer home upon a lake and that defendant, without claim of right, had repeatedly trespassed thereon, destroying fences and shade trees, driving teams between the cottages and the lake, tearing up the dooryard, and disturbing the peace and comfort of plaintiff and his family, and that he threatened to continue such trespasses, is *held* to state a cause of action; and an order dissolving a temporary injunction, upon defendant's motion without answer or affidavits on his behalf, was error. If the injunction was dissolved in the attempted exercise of discretion, and not upon the ground that the complaint failed to state a cause of action, there was a clear abuse of discretion.

Appeal from an order of the circuit court for Vilas county: W. C. Silverthorn, Circuit Judge. *Reversed.*

Appeal from order dated May 26, 1904, vacating temporary injunction entered by the judge *ex parte* upon the complaint alone. That instrument alleges ownership by plaintiff of a considerable tract of land in Vilas county, Wisconsin, having a boundary upon a certain lake alleged to be picturesque and beautiful, upon which premises, and approximately fifty feet from the lake, plaintiff had constructed a summer home for himself and family, with various buildings necessary to their use and comfort, and had cleared and improved a part of said land, fenced the same, all to fit them for a summer

home, at large expense, and that he and family occupied them
for such purpose; that the defendant, without license, author-
ity, or claim of right, had repeatedly trespassed and entered
with teams and vehicles and in divers other ways on said
premises, destroying fences and timber and otherwise greatly
injuring and disturbing said premises for the purposes for
which plaintiff held the same, among other things, by tearing
up the ground between the house and the lake which served as
a dooryard for said premises, thereby greatly interfering
with the comfort and enjoyment of said premises by plaintiff
and his family, at least nine such trespasses being set out in
detail during September, October, and November, 1903; that
although the plaintiff had made vigorous protest and given
warning to the defendant, still he continued such trespasses
and threatened to repeat the same, and especially to drive
across the dooryard of the plaintiff between the cottages and
the lake; that by the trespasses so committed large damages
had been suffered, and by repetition thereof the premises
would be rendered unfit and useless for plaintiff's said pur-
pose; and that no adequate remedy at law existed; praying
permanent injunction against further trespasses on said land,
and an award of damages for those already committed, and
for general relief. At the time of the order appealed from,
no pleadings had been served by defendant, and no affidavits
were presented on either side.

For the appellant there was a brief by *Colman & Colman,
D. E. Riordan,* and *Michael S. Bright,* and oral argument by
*Mr. Bright.*

For the respondent there was a brief signed by *John
Barnes,* attorney, and *E. D. Minahan,* of counsel, and oral
argument by *Mr. Barnes.*

DODGE, J. We are somewhat at a loss for the reasons
which induced the trial court to vacate the injunction *pen-
dente lite* in this case, where, as will be pointed out later, the

considerations moving the discretion of the court toward
maintenance of such restraint are so strong. We are well-
nigh forced to the conclusion that he must have yielded ac-
quiescence to the contention of respondent's counsel that the
complaint fails to state a cause of action, so that there was
no field for discretion, but the duty rested on the court to
deny temporary restraint pending an action in which no re-
lief could finally be granted plaintiff. Such view, if it was
entertained, was clearly erroneous. The sufficiency of a com-
plaint alleging threatened and imminent repeated trespasses
on real estate was sufficiently discussed and decided in *Mil-
ler v. Hoeschler,* 121 Wis. 558, 99 N. W. 228, so that we
need add nothing. The first of the reasons stated for inter-
position of equity, namely, the irreparable character of the
injury, is especially applicable to premises owned as a resi-
dence—a place to live and enjoy the quiet, rest, and comfort
of the home—for there the disturbance of such use is com-
monly a far larger element of the damage resulting from
trespasses than is any mere physical injury to the land, and
is, of course, far less capable of compensation in damages or
any other form of reparation. Notably is that true of a sum-
mer residence, designed principally for rest and recuperation.
The very maintenance of it carries the suggestion that it is
to be occupied by those not in the full vigor of health, of
weakened vitality or shattered nerves, perhaps of more seri-
ous phases of illness, to whom quiet may be essential to
health, if not to life. *Wilson v. Mineral Point* 39 Wis. 160;
*Cleveland v. Citizens G. L. Co.* 20 N. J. Eq. 201. Plainly,
if the court decided that the complaint failed to state a cause
of action, and therefore refused to exercise discretion over
the question of temporary restraint, substantive error would
be presented, requiring reversal.

However, as we must indulge all reasonable presumption
against error, we should perhaps assume that the assailed
order was made in the exercise of discretion, if we can find

room for such a conclusion in light of the facts. The function of the injunction *pendente lite* under our practice has been largely discussed in several recent cases; notably *Valley I. W. Mfg. Co. v. Goodrick,* 103 Wis. 436, 78 N. W. 1096; *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 467, 84 N. W. 870, and *Bartlett v. L. Bartlett & Son Co.* 116 Wis. 450, 460, 93 N. W. 473, with the result of declaring generally that, where the complaint states a cause of action and the motion papers disclose a reasonable probability of plaintiff's ultimate success, it is well-nigh an imperative duty of the court to preserve the *status quo* by temporary injunction, if its disturbance *pendente lite* will render futile in considerable degree the judgment sought, or cause serious and irreparable injury to one party; especially if injury to the other is slight, or of character easily compensable in money; and that the discretion vested in the court is largely over the question of terms of the restraint and the protection of rights by bonds from one party to the other. "Not only does the discretionary power exist to protect a party against such danger, but the duty exists to exercise it by making some reasonable provision to prevent such injury." *Milwaukee E. R. & L. Co. v. Bradley,* 108 Wis. 486, 84 N. W. 877. This view is supported by sec. 2774, Stats. 1898, which confessedly was intended to enlarge the duty of the court as it existed under former chancery practice. *Trustees v. Hoessli,* 13 Wis. 348. The present case falls most clearly within the first clause of that section, providing:

"Where it shall appear by the complaint that the plaintiff is entitled to the judgment demanded, and such judgment . . . consists in restraining the commission or continuance of some act the commission or continuance of which, during the litigation, would produce injury to the plaintiff, . . . a temporary injunction may be granted to restrain such act."

Further, the present case is peculiar in that, as defendant submits himself to the court, he makes no pretense of any

rights to be in any wise injured by an injunction. Confessing, by moving without answer or affidavits, that he intends to continue trespassing on plaintiff's premises by destroying the latter's shade trees, tearing up his dooryard, and disturbing the peace and comfort of the family, defendant also confesses that he does it without pretense of any right which could be invaded by restraining such acts. There cannot be a plainer case for temporary injunction than this, where the threatened acts cause irreparable injury to plaintiff not capable of pecuniary compensation, where they constitute the very thing which it is the whole purpose of the action to prevent, and where their temporary prevention causes no hurt or inconvenience to the defendant. Did it appear that the trial court had, in the attempted exercise of discretion, denied temporary restraint, we could not, without ignoring our previous decisions, avoid the conclusion that a clear abuse of that discretion was presented. We therefore must return to the view above suggested, that he refused such continuance upon the ground that the complaint failed to state a cause of action, in which error of law was committed.

*By the Court.*—Order vacating the temporary injunction is reversed, and cause remanded for further proceedings according to law.