GIMBEL BROTHERS, INCORPORATED, Appellant, vs. MILWAUKEE BOSTON STORE and others, Respondents.

*October 27—November 16, 1915.*

*Injunction: When granted: Discretion: Mandatory injunction: Use of easement: Obstruction of alley: Rights of lessees: Substantial injury to plaintiff: Great damage to defendant.*

1. The power to issue mandatory injunctions is sparingly used.
2. A lessee has a right to protect his leasehold interest against unlawful interference therewith, but in the matter of restraining the closing of an adjacent alley he does not stand in the same

position before the court as would the owner, even though he has an unexpired option to purchase the leased premises.

3. In cases involving the right to the use of easements substantial damage is necessary to support an injunction.

4. Courts generally exercise their discretion against issuing an injunction where it will produce great public or private mischief merely to protect technical, doubtful, or unsubstantial rights, the plaintiff in such a case being relegated to his remedy at law to recover damages.

5. A defendant will not ordinarily be compelled to pull down an expensive structure merely because some legal right may be invaded, if the injury complained of is slight and if his acts were performed in good faith and in the belief that he was acting within his legal rights.

6. Thus, where defendants, relying on the validity of proceedings by a city to vacate part of an alley, began the erection of a building which inclosed the vacated portion, and thereafter plaintiff, who was a lessee of abutting property, brought an action to declare void the vacation proceedings, to restrain defendants from obstructing the alley, and to compel the restoration thereof, it was within the sound discretion of the trial court to deny the relief, no substantial injury to the plaintiff being shown.

APPEAL from a judgment of the circuit court for Milwaukee county; F. C. ESCHWEILER, Circuit Judge. *Affirmed.*

Certain real estate in what is now the city of *Milwaukee* was platted in 1835. Block 69 was shown on the plat as in the diagram on page 491.

Spring street as shown on this plat is now Grand avenue. The alleys shown therein were twenty feet in width. The plaintiff is lessee of the west half of lots 1 and 4 and of all of lots 5 and 8, together with the buildings thereon. The plaintiff's lease extends to July, 1922. It also has an option from the lessor to purchase the premises which it occupies.

The defendants are lessees of a portion of the west half of block 69, abutting on both sides of the east and west alley. By ch. 134, Laws 1887, the legislature attempted to vacate that portion of the north and south alley lying to the north of the north line of the east and west alley, and also to narrow

the east and west alley five feet on its north and five feet on
its south side, so as to leave it a width of ten feet.    Plaintiff
alleges and defendants admit that the legislation was void.
The abutting owners acted on the theory that the legislation
was valid, and the north end of the north and south alley was

closed and buildings were erected thereon.    The building
now held under lease by the plaintiff occupies the east half of
this portion of the alley, as well as part of the five-foot strip
on the north side of the east and west alley.    On the east end
of the ten-foot strip of this alley which was not vacated there
are encroachments which render its use by teams difficult if
not impossible.    The south half of the north and south alley

as originally platted does not appear to have been encroached upon or interfered with.

In June, 1911, proceedings were instituted in the common council of the city of *Milwaukee* for the vacation of the westerly 150 feet of the east and west alley, pursuant to the provisions of ch. VI of the city charter. An attempt at least was made to follow the charter provisions in carrying out the vacation proceedings. The court found that such provisions were substantially complied with. The plaintiff insists that they were not, and that in any event the law was void in so far as it affected the rights of the plaintiff in the alley in question which were peculiar to itself and not shared in by the general public. These proceedings were completed during the year 1911. The defendants, apparently relying on the validity of the vacation proceedings, started the erection of a building on the premises leased by them, which inclosed the portion of the east and west alley which the city had attempted to vacate. Thereafter the plaintiff brought this action to declare void the vacation proceedings and to enjoin and restrain the defendants from obstructing the west half of the east and west alley as originally platted and to compel the defendants to fill in an excavation which they had made in said alley and to restore the same to its former state of usefulness, the plaintiff claiming that, inasmuch as its property abutted on said alley, it was entitled to have same kept open and unobstructed through the entire block. It was set forth by appropriate averment that the west portion of the alley attempted to be vacated was used by and was useful to the plaintiff and that it had a property right in the entire alley by virtue of this lease, which granted to it the privileges and appurtenances appertaining to the property contained in the lease. This action was commenced November 7, 1911. At this time the excavation for the new building had been made and the building was partially constructed. There were some steel beams in place over the alley. The city of *Milwaukee* was named as one of the defendants because part of the relief

sought was to declare void the proceedings by which it attempted to vacate the portion of the alley in question.

The court found, among other things, that the proper steps were taken by the city to vacate the portion of the alley in question; that the value or usefulness of the plaintiff's interest in the premises described in the complaint has not been materially diminished or affected by the vacation or closing of such portion of the alley; that the plaintiff was itself maintaining an encroachment upon the east half of the east and west alley, and that the building which it occupied covered the east half of the north half of the north and south alley, and that it was guilty of the same kind of interference in respect to the alley referred to as is charged against the defendants; that under the circumstances disclosed by the evidence it would be contrary to equity to permit the plaintiff to maintain this action; that the plaintiff did not at the time of the commencement of the action have any private easement or property rights in the westerly 150 feet of the east and west alley; that the vacation or closing of said portion of the alley did not and does not have the effect to deprive the plaintiff, as lessee of the premises described in the complaint, of free access to and from the surrounding streets or to and from the system of public streets in the city of *Milwaukee*. In accordance with these findings, and conclusions of law based thereon, judgment was entered dismissing the complaint.

For the appellant there was a brief signed by *Van Dyke, Shaw, Muskat & Van Dyke,* attorneys, and *Thomas M. Kearney,* of counsel, and oral argument by *George D. Van Dyke.*

For the respondents *Milwaukee Boston Store* and *Herzfeld-Phillipson Company* there was a brief by *Flanders, Bottum, Fawsett & Bottum,* attorneys, and *W. H. Timlin, Jr.,* of counsel, and oral argument by *Mr. C. F. Fawsett* and *Mr. Timlin.*

For the respondent *City of Milwaukee* there was a brief by *Daniel W. Hoan,* city attorney, and *Mark A. Kline,* assistant city attorney, and oral argument by *Mr. Kline.*

BARNES, J. When this action was begun the plaintiff's lease still had substantially eight years to run. Plaintiff also had an option to purchase during the life of the lease, which had not been taken advantage of up to the time the action was tried. The court found that the value or usefulness of the plaintiff's interest in the premises described in the complaint had not been materially diminished or affected by the vacation or closing of the westerly 150 feet of the east and west alley. The court also found that the plaintiff was occupying the east half of the north half of the north and south alley which was vacated or attempted to be vacated under the provisions of ch. 134 of the Laws of 1887, and also a portion of the north five feet of the east half of the east and west alley, which was vacated at the same time and by virtue of the same authority. It was contended by plaintiff on the trial and it is contended in this court that this act of the legislature was void. The trial court was of the opinion that if plaintiff was hampered in the matter of ingress to or egress from the rear of the leased premises it was itself as responsible for its situation in this regard as were the defendants. It was further found that the defendants in good faith relied upon the validity of the vacation proceedings before the common council of the city of *Milwaukee.* It appeared from the evidence that the basement of the new building had been excavated and that the building had at least been partially constructed over the alley before the action was begun, and that no preliminary injunction was sought.

As conclusions of law the court found that the act of the legislature in 1887 was unconstitutional and void, as were all the proceedings taken under it to vacate the portions of the alley that were attempted to be vacated, and that to allow the plaintiff to maintain the action would be contrary to the rules and practice of equity, and the complaint was dismissed for want of equity. The court also held that the vacation proceedings carried on by the common council of the city of *Mil-*

*waukee* were regular and valid, and that by virtue of such proceedings the defendants had the right to construct and maintain the building which they had erected over and across the alley.

Numerous questions are discussed in the elaborate briefs which have been filed in the case. Some of these questions are important, and there is a wide divergence of authority as to what the law is. Whether the plaintiff had a special property right in the alley not common to the general public, whether, if such right existed, it could be condemned, whether, if it could be condemned, the statute under which the proceedings were carried on was valid, and whether, if valid, the city charter was not violated in essential particulars in carrying on the proceedings, are questions which we do not feel called upon presently to decide, having reached the conclusion that the finding that plaintiff suffered no substantial damage is sustained by the evidence, and having reached the further conclusion that under the facts of the case it was within the sound discretion of the court to refuse relief by way of mandatory injunction.

We may for the purposes of this appeal assume, without deciding, that plaintiff would have a standing in court had it made a showing of substantial injury. Considerable evidence was offered *pro* and *con* on this issue. It would serve no useful purpose to discuss this evidence in detail, and we pass it with the remark that the finding of fact made is not against the clear preponderance of the testimony.

A lessee has a right to protect his leasehold interest against unlawful interference therewith. However, the plaintiff hardly stands in the same position before the court as would the owner. The owner, looking into the future and anticipating a change in conditions, might have serious objections to the closing of an alley adjacent to his premises for which he had no immediate use, where a lessee would have no cause for complaint, provided his needs or conveniences did not re-

quire that the alley be kept open presently or during the term of his lease.   Here the owner is not objecting to the closing of the alley, and presumably is willing that it should be closed, and plaintiff suffers no substantial damage from its being closed.   To require the defendants to tear down a twenty-foot strip through the middle of the large building which it has erected would entail upon them a large amount of expense without any real benefit resulting to the plaintiff. The plaintiff has not taken advantage of its option to purchase, and may never do so, and, while it probably has a right to enforce specific performance if it elects to exercise its right, and to this extent has an interest in the real estate under the option, we do not think it is such an interest as would entitle it to the relief here sought.   *Sixta v. Onlonagon Valley L. Co.* 157 Wis. 293, 305, 147 N. W. 1042.   The plaintiff's right must rest in the fact that it is a lessee in possession.

While the power to issue mandatory injunctions is vested in courts of equity, it is a power which is sparingly used. High, Injunctions, § 2.   The granting of an injunction rests in the sound discretion of the court.   *Kulinski v. Dambrowski,* 29 Wis. 109, 115.   The power itself being great, a high degree of judgment is required in order to use it wisely and never to abuse it.   *State ex rel. Superior v. Duluth St. R. Co.* 153 Wis. 650, 654, 142 N. W. 184.   While equity will restrain a private nuisance, relief will not be granted in every instance of alleged nuisance.   The present or threatened injury must be real and not trifling, transient, or temporary. 4 Pom. Eq. Jur. (3d ed.) § 1350.   Most American courts adopt the view that in cases involving the right to the use of easements, substantial damage is necessary to support an injunction.   6 Pom. Eq. Jur. § 548.   Ordinarily where an injunction will cause great injury to the defendant and will confer little or no benefit in comparison upon the plaintiff, it is within the discretion of the court to refuse it.   *Brande v. Grace,* 154 Mass. 210, 31 N. E. 633; 22 Cyc. 782 and cases cited.   Equity should not be successfully invoked merely to

inflict injury or damage on the defendant without securing any substantial right or benefit to the plaintiff. This was said in an action brought to remove an obstruction from an alleged street, the dedication of which had not been accepted and the plaintiff asserting the right to have the same kept open. *Mahler v. Brumder,* 92 Wis. 477, 66 N. W. 502. Courts generally exercise their discretion against issuing an injunction, where it will produce great public or private mischief, merely to protect technical, doubtful, or unsubstantial rights. In such a case the plaintiff is relegated to his remedy at law to recover damages. *Gray v. Manhattan R. Co.* 128 N. Y. 499, 28 N. E. 498, and cases cited; *Bassett v. Salisbury Mfg. Co.* 47 N. H. 426; *Demarest v. Hardham,* 34 N. J. Eq. 469; *Nowak v. Baier,* 78 N. J. Eq. 112, 77 Atl. 1062; *Springfield v. Springfield St. R. Co.* 182 Mass. 41, 64 N. E. 577; *Methodist E. Soc. v. Akers,* 167 Mass. 560, 46 N. E. 381; *Aynsley v. Glover,* L. R. 18 Eq. Cas. 544, 552. A defendant will not ordinarily be compelled to pull down an expensive structure merely because some legal right may be invaded, if the injury complained of is slight and if the acts complained of were performed in good faith and on the belief that the party was acting within his legal rights. *Cobb v. Massachusetts C. Co.* 179 Mass. 423, 60 N. E. 790; *Hunter v. Carroll,* 64 N. H. 572, 15 Atl. 17; *Engle v. Thorn,* 3 Duer, 15.

The case of *Tilly v. Mitchell & L. Co.* 121 Wis. 1, 98 N. W. 969, is perhaps relied on more strongly than any other case cited on this branch of the case by the appellant. There, however, the plaintiff's damages were held to be substantial. This was also the case in *Schuster v. Milwaukee E. R. & L. Co.* 142 Wis. 578, 126 N. W. 26.

We conclude that it was within the sound discretion of the trial court to refuse the injunction prayed for.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.