WELCH, Respondent, vs. CHIPPEWA SALES COMPANY, Appellant.

*January 15—February 17, 1948.*

For the appellant there was a brief by *Stafford & Stafford,* attorneys, and *Robert F. Pfiffner* of counsel, all of Chippewa Falls, and oral argument by *Harold E. Stafford.*

*James A. McPhee* of Chippewa Falls, for the respondent.

WICKHEM, J. Plaintiff's complaint alleges that on March 3, 1946, he entered into a written agreement with defendant whereby he paid to the latter $300 upon the sale of a new Chrysler Club Coupe, New Yorker, which defendant agreed to deliver to him as soon as possible at the factory list price. It is further alleged that on August 26, 1947, plaintiff was advised that his car had arrived and was ready for delivery

and that defendant drove the automobile to plaintiff's place of business and permitted him to try it out. It is alleged that when plaintiff asked the amount of the list price defendant demanded that plaintiff deliver to him an old car for which he would allow the sum of $1,070 less $255 for repair. He also informed plaintiff that the price of the new automobile was $2,845, whereas plaintiff was advised by another dealer that the list price was $2,358 plus $200 for radio and air-conditioning unit. Plaintiff offered this amount but defendant refused to deliver unless plaintiff fully met his terms.

The answer alleges that the automobile is not the type or style ordered by plaintiff; that in fact it is a New Yorker Highlander. It also alleges that plaintiff deals in automobiles without a license and that plaintiff would resell the car at an increased price in the so-called "gray market."

It is conceded that the propriety of an injunction *pendente lite* depends upon a showing that there is a reasonable probability of plaintiff's ultimate success in the action. *Halsey, Stuart & Co. v. Public Service Comm.* 212 Wis. 184, 248 N. W. 458; *De Pauw v. Oxley,* 122 Wis. 656, 100 N. W. 1028.

The question upon this appeal is whether the complaint states a cause of action for specific performance. It is the general rule that contracts for the sale of personal property ordinarily will not be specifically enforced. *Fuller & Johnson Mfg. Co. v. Bartlett,* 68 Wis. 73, 81, 31 N. W. 747. The general refusal of a court of equity to grant specific performance of such contracts does not stem from any distinction between land and personal property nor has it anything to do with the question of the court's jurisdiction. The rule is an application of the principle that specific performance will not be decreed unless the remedy at law is inadequate. Ordinarily damages do adequately redress a breach in cases of contracts for the sale of personal property. Where the contract of sale relates to an item of personal property which has a peculiar or unique or a sentimental value, the contract will be specifically

enforced because of the inadequacy of a judgment for damages. The above rules are recognized by plaintiff but it is contended that due to the present shortage of automobiles, the automobile contracted for in this case has been invested with the quality of uniqueness and that a judgment in damages does not furnish an adequate remedy.

We are unable to agree to this. In spite of the failure of production fully to meet the demands of customers, automobiles, and indeed, the very make and type of automobile ordered by plaintiff in this case, are being produced by the thousands. There is no sentimental consideration worth while protecting that has to do with the particular make, color, or style of automobile. Hence, the mere contention that plaintiff needs cars in his business is not impressive. There is nothing in the complaint to indicate that used cars cannot be obtained which are adequate for plaintiff's business, or if they are less useful that damages will not make plaintiff whole. See *Kirsch v. Zubalsky* (N. J.), 49 Atl. (2d) 773.

Plaintiff suggests that the provisions of sec. 121.68, Stats., are applicable. This section of the Sales Act provides that a court can grant specific performance "where the seller has broken a contract to deliver specific or ascertained goods." It is claimed that because defendant had designated the car applicable to plaintiff's contract it became "a specific and ascertained piece of goods." An examination of the cases under sec. 121.68, Stats., indicates that it is a mere restatement of the equity rule that a court may in the jurisdictional sense grant specific performance in the situation there described. An examination of the cases since the enactment of this section indicates that the same limitations apply to this section that apply generally in equity, namely, that the remedy at law is inadequate and that the circumstances which create this situation are in general those heretofore referred to in the opinion. *Bowman v. Adams,* 45 Idaho, 217, 261 Pac. 679; *Michigan Sugar Co. v. Falkenhagen,* 243 Mich. 698, 220 N. W. 760.

In view of the foregoing conclusions we do not find it necessary to examine the contention that the contract here involved is too indefinite to warrant specific performance.

*By the Court.*—Order reversed, and cause remanded with directions to vacate the injunction *pendente lite.*