## Hallobaugh v. Longnecker Motor Sales et al.

*A. L. Gambatese,* for plaintiff.

*A. Grant Walker,* of *Gifford, Graham, MacDonald & Illig,* for defendants.

LAUB, J., August 15, 1948.—We are here considering preliminary objections to a bill in equity. The bill

prays for specific performance of a contract for the sale of an automobile. Defendant alleges that the contract is too vague and indefinite to warrant a decree of specific performance and, further, that plaintiff has an adequate remedy at law.

The contract in question is as follows:*

"You may enter this as my contract and order for 1 Standard '8 *Torpedo Sdn. Cp.*' Automobile, Model 1946, as per specifications below, to be delivered on or about *as soon as possible* 19... or prior to that date at your option, for which I agree to pay $ *price at time of delivery*, F. O. B. Erie, Penna. I enclose herewith the sum of $25.00 *cash* as part payment thereon, and hereby agree to pay the balance thereof when notified that said Automobile is ready to be delivered, it being understood, however, that the amount deposited herewith shall be returned to me should you be unable to make delivery as specified, it being further understood that said deposit will be forfeited if delivery is not accepted.—Specifications—*Balance on delivery. Color Two tone grey. K—heater.* It being understood and agreed that no verbal agreement or promise not specified in this order will be recognized."

This order was signed by plaintiff and accepted by the agent of defendant. Defendant does not contest the standing of the order as a contract.

Plaintiff in his bill alleges that on March 24, 1948, defendant had possession of an automobile such as is described in the contract; that it was appropriated by defendant for delivery to plaintiff but that for an undisclosed reason defendant refused to deliver it. There is no allegation that defendant is now in possession of said automobile, but the bill does maintain that defendant can obtain an automobile to fill plaintiff's order. It further claims that defendant is the only

---

* The contract is in a printed form. The italicized portions reflect written additions thereto.

agent in the City of Erie who sells automobiles of the type desired by him, and that plaintiff cannot, because of the scarcity of such automobile, purchase one in the open market. He also alleges that he cannot purchase any other type of car without waiting an unreasonable length of time, and that the type of car contracted for possesses special features which other cars do not possess.

There is an unquestioned right in Pennsylvania to specific performance of contracts involving personalty. In recent years our Supreme Court has had occasion to reiterate this principle in Unatin 7-Up Co. Inc., v. Solomon, 350 Pa. 632; Cochrane v. Szpakowski, 355 Pa. 357; and Zlotziver v. Zlotziver, 355 Pa. 299. However, the general rule is to refuse the application where ordinary compensation for breach of contract could be had at law: Strause v. Berger, 220 Pa. 367.

In our considered opinion, the allegations of the bill do not meet the requirements necessary to bring the case within equity jurisdiction. It fails to recite facts upon which the conclusion could be drawn that no adequate remedy exists at law. True, it is stated that automobiles are scarce and that plaintiff cannot purchase one of the type described elsewhere in the City of Erie. It is also true that it alleges certain undescribed and unspecified features which no other make of car possesses. But this is not enough to show that the failure to supply such an automobile could not be compensated for on application to a court of law.

The quality of rarity or uniqueness of personal property is but evidence of lack of an adequate remedy. It is not conclusive. A thing may be rare and possessive of unique features and yet not be the subject of specific performance. On the other hand, a chattel may intrinsically possess some peculiarity which makes it difficult or impossible to replace and which makes monetary damages inadequate as compensation for the

loss. Historically, specific performance has been decreed in such latter cases. See McGowin v. Remington, 12 Pa. 56. We are of the opinion that the real test has never been that of rarity or uniqueness, but rather it has always been the adequacy of the remedy at law. In Schipper Bros. Coal Mining Co. v. Economy Domestic Coal Co., 277 Pa. 356, 361, it was said:

"Specific performance is given solely because there is no adequate remedy at law, no definite standard being there offered by which damages could be measured or justice made as perfect or complete as in equity. It is generally confined to sales of real estate and chattels of a unique nature. There are exceptions to this rule, however, and illustrations may be found in the decisions of this court. . . . where a peculiar and special reason exists, specific performance of a contract for sale of a chattel would be enforced."

Both A. L. I. Restatement of the Law of Contracts, §358, and The Sales Act of May 19, 1915, P. L. 543, 69 PS §313, hinge the right of specific performance upon the adequacy of the remedy. In section 361 of the restatement we find, in subsections (b) and (c), that uniqueness and rarity are factors which are "influential" in determining the right to specific performance. Nowhere has it appeared that these qualities in themselves constitute or determine the right.

The present bill contents itself with the allegations hereinbefore referred to, and these we consider to be inadequate. The remedy by damages can almost always be procured for the breach of a contract for the sale of a commodity that is commonly traded in an organized market. One who would bring himself within the jurisdiction of equity to secure specific performance of a contract for such a commodity must recite sufficient facts to justify the chancellor in concluding that the right to relief is present. However, we would not dis-

miss this bill upon those grounds alone, since by Equity Rule 49 we would be constrained to permit an amendment to the bill if plaintiff were able to amend.

We cannot, as defendant asks, take judicial notice that automobiles are not such articles as would warrant the intervention of equity to secure specific performance. From the context of the opinions, we conclude that this was done in Hysock v. Palermo, 57 D. & C. 253; Poltorak v. Jackson Chevrolet Co., 322 Mass. 699, 79 N. E. (2d) 285; Welch v. Chippewa Sales Co., 252 Wis. 166, 31 N. W. (2d) 170. We consider, however, that in this fashion almost any chattel could be eliminated as the subject of specific performance. Furthermore, as we stated in Wolfe v. The Knights Life Insurance Co., 30 Erie 168, judicial notice is merely a device, the use of which dispenses with the necessity of proof. It is not conclusive and is capable of being rebutted. See also 9 Wigmore on Evidence, sec. 2567; Brock v. American Central Life Insurance Co., 44 S. W. (2d) 200 (Mo.).

Fatal to plaintiff's action, however, is the nature of the contract which he seeks to enforce specifically. It will be observed that the agreement does not call for any particular identifiable car. We know of no instance where a court of equity specifically enforced a contract involving a chattel which had not been appropriated or which could not be pointed to with assurance as the article agreed upon. In preparing a decree under this contract we would of necessity have to order defendant to transfer an automobile which conceivably is not in his possession. In fact, such a decree would not be effective at all unless and until the manufacturer delivered such an automobile to defendant—a circumstance which is beyond our power to control. The contract calls for "price at time of delivery, f.o.b. Erie, Penna.", but what is the price which

we would require plaintiff to pay in any decree which we might make? It is true that the ambiguity as to the meaning of the phrase relative to price could be cleared by testimony, but since we are here dealing with no fixed price and since prices of commodities have a disconcerting habit of changing without notice, how could anyone be certain that the price established by us would be commensurate with value as of the date of a problematical delivery? The situation boils itself down to this: We are asked to decree that defendant convey to plaintiff an automobile which defendant might or might not have and which he might never acquire, for a price which cannot now be determined.

Section 370 of A. L. I. Restatement of the Law of Contracts provides:

"Specific enforcement will not be decreed unless the terms of the contract are so expressed that the court can determine with reasonable certainty what is the duty of each party and the conditions under which performance is due." This is reiterative of the established law of this Commonwealth. See Hoffman's Appeal, 319 Pa. 1.

However amended, this action must be based upon the contract pleaded in the bill. Thus an amendment under Equity Rule 49 would be futile since plaintiff cannot conceivably obtain specific performance. Under such circumstances we must dismiss the bill, for, as said in Gray v. Philadelphia & Reading Coal & Iron Co. et al., 286 Pa. 11, the question " 'is not whether the statement is so clear, in both form and specification, as to entitle plaintiff, without amendment, to proceed to trial, but whether, upon the facts averred, it shows, as a "question of law", that plaintiff is not entitled to recover' ". Under the circumstances that obtain here, the dismissal of the bill without amendment is amply justified. See Farrell et al. v. Bowker et ux., 278 Pa. 323; Agnew v. Southern Ave. Land Co., 204 Pa. 192.

And now, to wit, August 5, 1948, the preliminary objections are sustained and the bill is dismissed at the cost of plaintiff.