Lipinski and wife, Appellants, vs. Lipinski and others, Respondents.

*March 5—April 8, 1952.*

328

For the appellants there was a brief by *Stafford & Stafford* of Chippewa Falls, attorneys, and *G. L. Pattison* of Alma of counsel, and oral argument by *Harold E. Stafford*.

For the respondents there was a brief by *Foley & Foley* of Wabasha, Minnesota, and *Joseph H. Riedner* of Durand, and oral argument by *Daniel F. Foley*.

FAIRCHILD, J. The plaintiffs have stated a cause of action in ejectment, because possession in the defendants to the exclusion of the plaintiffs is alleged. Furthermore, plaintiff's title is in dispute, and such issue of title has not been tried out in an action at law. Ordinarily, an injunction restraining trespasses on property will not be granted unless the plaintiff's title has been either admitted or established by a legal adjudication; that is, the court will not ordinarily restrain a mere trespass, and, under the guise of so doing, try title to land, thus converting a bill in equity into an action in ejectment. 28 Am. Jur., Injunctions, p. 323, sec. 132; Anno. 32 A. L. R. 502, 92 A. L. R. 584.

". . . where title or the right of possession is in dispute between two parties, one of whom is in actual possession under a claim or color of right, injunction will not, as a rule, lie to transfer possession to the other party. Particularly will injunction be refused to determine an issue as to ownership or the right of possession of land where an adequate remedy at law is available, as by ejectment. . . ." 43 C. J. S., Injunctions, p. 514, sec. 54.

It appears from the evidence that the parties were engaged in a partnership or joint venture in the operation of their

fishing business until a dispute arose, the result of which was the purchasing of the land described in the statement of facts by the plaintiffs so that the operation of the parties could be separate and distinct. The plaintiffs purchased for their use the said lands. These premises lie immediately west of the land formerly occupied and used by all concerned.

The important fact to be determined is the location of the boundary line which includes a point of beginning between these two pieces of land, the westerly one of which is owned by one group, and the easterly piece by the defendants. In the communications appearing in the record and in the contents of documents and decrees, the starting point described as "the point of curve" is mentioned, but it has not been fixed so as to take it out of the realm of uncertainty. The ambiguity which exists results from a misunderstanding which appears sufficiently to show that the minds of the parties never met on a stipulated fact, and the decree of the court is not specific and certain. This important item being in the realm of uncertainty, one side claiming that the point of beginning is at one spot, and the other claiming it to be at still another spot, leaves the matter of a fixed point, as far as the record discloses, in a realm of uncertainty and requires a determination according to the evidence.

We agree with the learned trial judge that the location of the dividing line can be determined readily.

The attempt, however, to fix a starting point for the drawing of a line from a point in the right of way of the Burlington railroad to the shore of Lake Pepin as beginning at a point of curve, as we say, has resulted in confusion, bringing about a situation that the boundary line claimed by the defendants is some three hundred feet west of where the plaintiffs claim. The pleading and the testimony indicate that the plaintiffs' claim is that they have been dispossessed of their rights by the defendants' occupancy of the lands claimed to belong to the plaintiffs. A determination of this

question may result from evidence competent and material, such as determining by survey the exact location of the east line of lot 1 in section 8, township 24 north, range 16 west, which is the line between the property apparently owned by the respective parties.

The relief asked for under the pleadings in the case was properly denied, for the cause was not an action in equity. The title of the plaintiffs was the question to be determined.

However, because where it appears to the court that a party claiming affirmative relief has mistaken his remedy, the action shall not be finally dismissed, but costs shall be awarded against him, and he shall be allowed a reasonable time within which to restate his claims, and "the amended action or proceeding shall continue in that court." The court may then proceed to provide the proper process "and grant the relief sought." Sec. 269.52, Stats. In view of the circumstances now presented, it is our conclusion that the judgment of dismissal must be reversed, the cause reinstated and tried as an action of ejectment in which the parties are entitled to have determined their rights in the fee of the premises described.

*By the Court.*—Judgment reversed. Cause remanded for further proceedings in accordance with this opinion. The costs on this appeal shall abide the results of the trial below.