Shearer and another, Trustees for Harvard Lake Geneva Club, Respondents, v. Congdon and another, Appellants.

*October 30—November 24, 1964.*

664

For the appellants there were briefs by *Brown, Black & Armstrong* of Racine, and oral argument by *Harley Brown*.

For the respondents there was a brief by *Kenney, Korf & Pfeil* of East Troy, and oral argument by *Francis J. Korf*.

WILKIE, J.   Whether or not a temporary injunction is granted is a matter within the discretion of the trial court.[1] The sole issue on this appeal is whether the trial court erred

[1] *Codept, Inc., v. More-Way North Corp.* (1964), 23 Wis. (2d) 165, 127 N. W. (2d) 29; *Culligan, Inc., v. Rheaume* (1955), 269 Wis. 242, 68 N. W. (2d) 810.

in granting the injunction. The test is not whether this court would have granted the injunction in the first place, but whether there was an abuse of discretion on the part of the trial court.[2] Appellants complain of numerous errors, the first being that an unincorporated association has no legal capacity to sue. The suit was not brought in the name of the association, but rather in the name of two trustees for the Association. Sec. 260.12, Stats., permits class actions and because of their joint interest in its property, a few members can bring a suit in behalf of the association.[3]

Appellants next contend that the complaint fails to state a cause of action in the following respects:

*First,* an absence of an allegation of continuous and uninterrupted use. Respondents allege that the club members have used the road "for more than sixty (60) years last past" and "that at all times since [1937] . . . the members of Harvard Club have continued to use the entire roadway. . . ." As pleadings are to be liberally construed,[4] these allegations are sufficient.

*Second,* that the complaint fails to mention the location of the drive in question or which part of the Harvard Club property is benefited by the road. The location of the road is sufficiently alleged and pinpointing a particular area benefited is unnecessary.

*Third,* that there is no allegation of present legal title. While there is no definite assertion of ownership, the complaint recites that in 1875 two men took title to the land in trust for the Harvard Club, that the club has "continue[d] to occupy" that lot since then, and that the plaintiffs are present trustees. This is an adequate averment of present ownership.

---

[2] *Culligan, Inc., v. Rheaume, supra,* footnote 1.

[3] *Herman v. United Automobile, Aircraft & Agricultural Implement Workers* (1953), 264 Wis. 562, 59 N. W. (2d) 475.

[4] Sec. 263.27, Stats.

*Fourth,* that there is no allegation of the present status of the club or the identity of its members. Such allegations would not even be necessary to create a cause of action.

A liberal construction discloses that the complaint states a cause of action.

Even if the complaint states a cause of action, a temporary injunction depends upon a showing of a reasonable probability of plaintiffs' ultimate success.[5] If the proof sustains the allegations that club members have used the drive for sixty years, that they have paved and maintained portions of the road, and that they have knocked down barricades designed to bar their use, there is a reasonable probability that plaintiffs will succeed in establishing a prescriptive easement.[6]

Appellants maintain, however, that the temporary injunction gives respondents the ultimate relief sought in contravention of *Consolidated Vinegar Works v. Brew*[7] which held that:

"Such an order is not intended to change the position of the parties or to require the doing of an act which constitutes all or a part of the ultimate relief sought in the action. Its purpose is not to decide the action before trial."

Respondents ultimately desire a prescriptive easement in the drive. The temporary injunction does not grant this

---

[5] *Vredenburg v. Safety Devices Corp.* (1955), 270 Wis. 36, 39, 70 N. W. (2d) 226, 229; *Welch v. Chippewa Sales Co.* (1948), 252 Wis. 166, 168, 31 N. W. (2d) 170, 171; *Halsey, Stuart & Co. v. Public Service Comm.* (1933), 212 Wis. 184, 196, 248 N. W. 458, 462; *De Pauw v. Oxley* (1904), 122 Wis. 656, 659, 100 N. W. 1028, 1029.

[6] " 'When it is shown that there has been the use of an easement for twenty years, unexplained, it will be presumed to have been under a claim of right and adverse, and will be sufficient to establish a right by prescription, and to authorize the presumption of a grant, unless contradicted or explained. . . .' " *Shellow v. Hagen* (1960), 9 Wis. (2d) 506, 510, 101 N. W. (2d) 694, 696.

[7] (1902), 112 Wis. 610, 613, 88 N. W. 603, 604.

relief, but merely prohibits appellants from obstructing the road until the easement question can be resolved. The injunction neither gives respondents new rights nor alters the positions of the parties. This rule was spelled out in the early *De Pauw Case* as follows:

". . . where the complaint states a cause of action and the motion papers disclose a reasonable probability of plaintiff's ultimate success, it is well-nigh an imperative duty of the court to preserve the *status quo* by temporary injunction, if its disturbance *pendente lite* will render futile in considerable degree the judgment sought, or cause serious and irreparable injury to one party; especially if injury to the other is slight, or of character easily compensable in money; and that the discretion vested in the court is largely over the question of terms of the restraint and the protection of rights by bonds from one party to the other." [8]

Thus, the function of a temporary injunction is to maintain the *status quo*,[9] and that is what the trial court's order does here.

Relying on *Gimbel Brothers v. Milwaukee Boston Store* [10] appellants also argue that respondents have not shown substantial damage and are therefore not entitled to injunctive relief. *Gimbel Brothers* dealt with the problem of granting a permanent, not a temporary injunction. It is only reasonable that there be substantial injury before irrevocably fixing relationships between parties. But in a situation, like the one in the case at bar, where one party is prohibited from acting only until the question of legal rights can be resolved, a showing of irreparable damage would not

[8] *De Pauw v. Oxley, supra,* footnote 5, at page 659, 100 N. W. 1028, 1029.

[9] See also *Codept, Inc., v. More-Way North Corp., supra,* footnote 1; *Mogen David Wine Corp. v. Borenstein* (1954), 267 Wis. 503, 66 N. W. (2d) 157.

[10] (1915), 161 Wis. 489, 154 N. W. 998.

be as critical. At any rate, respondents assert in their complaint that "the use of the roadway is an essential to the members of Harvard Club for ingress and egress." Access is necessary not only for members, but also for tradesmen with deliveries and for fire and police protection. In addition, since fire recently destroyed six cottages, there must be an open route to haul in construction materials and to allow carpenters to gain entrance. Thus, even if a showing of injury is a necessary condition to temporary injunctive relief, respondents have met this requirement.

Finally, appellants cite *Lipinski v. Lipinski* [11] as authority for the proposition that because there was no showing of a lack of an adequate remedy at law, the respondents are precluded from obtaining injunctive relief. The plaintiffs in *Lipinski* were ousted from lands of which they were the record owners by the intrusion of the defendants. The court refused to grant the injunctive relief sought by plaintiffs because the legal remedy of ejectment was available. An ejection suit is not appropriate here. Except for a small section lying on both properties, the Harvard Club does not own the road in dispute, and furthermore, respondents do not object to appellants' use of the road. Rather respondents are merely desirous of keeping the road open for their own use. As there is no legal remedy which will accomplish this, the injunctive route is available.

It is true, as appellants assert, that injunctions restraining trespass will not ordinarily be granted unless plaintiff's title is either admitted or established because this amounts to trying the title to land. [12] However, this rule is not controlling as this action is not to enjoin appellants from trespassing on respondents' land. This is not a title suit.

[11] (1952), 261 Wis. 327, 52 N. W. (2d) 922.
[12] *Lipinski, supra,* footnote 11.

Respondents neither claim ownership of the road nor that appellants trespassed, but merely seek a prescriptive easement.

We conclude that the trial judge did not abuse his discretion in granting the temporary injunction.

*By the Court.*—Order affirmed.