WERNER, and others, d/b/a WLW Investment Company, Appellants, v. A. L. GROOTEMAAT & SONS, INC., Respondent: FIRST NATIONAL BANK OF WAUKESHA, Defendant.

*No. 75–720. Submitted on briefs October 5, 1977.— Decided November 14, 1977.*
(Also reported in 259 N. W. 2d 310.)

514

518

For the appellants the cause was submitted on the briefs of *Gerald S. Walsh, Michael A. Campbell* and *Walsh & Simon* of Milwaukee.

For the respondent the cause was submitted on the brief of *William R. Steinmetz* and *Reinhart, Boerner, Van Deuren, Norris & Rieselbach, S. C.* of Milwaukee.

ROBERT W. HANSEN, J. On this appeal the sole issue raised is the propriety of the denial of a temporary injunction.

In this state the authority for the issuance of a temporary injunction is statutory:

"When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."[1]

The denial of a temporary injunction under this statute is a matter within the discretion of the trial court, and the sole issue on appeal is whether the trial court abused its discretion.[2] As to the exercise of such discretion,

---

[1] Sec. 268.02(1), Stats. 1973 (renumbered sec. 813.02(1), Stats. 1975).

[2] *See: Joint School v. Wisconsin Rapids Ed. Asso.*, 70 Wis.2d 292, 308, 234 N.W.2d 289 (1975), holding: "It is a basic rule that

this court has stated the following guidelines: Injunctions, whether temporary or permanent, are not to be issued lightly.[3] The cause must be substantial.[4] A temporary injunction is not to be issued unless the movant has shown a reasonable probability of ultimate success on the merits.[5] Temporary injunctions are to be issued only when necessary to preserve the status quo.[6] Injunctions are not to be issued without a showing of a lack of adequate remedy at law and irreparable harm,[7] but at the temporary injunction stage the requirement of irreparable injury is met by a showing that, without it to preserve the status quo *pendente lite,* the permanent injunction sought would be rendered futile.[8]

the granting or refusal of a temporary injunction is a matter lying within the discretion of the trial court and its determination will not be upset unless an abuse of discretion is shown." *See also: Pure Milk Products Coop. v. NFO,* 64 Wis.2d 241, 219 N.W.2d 564 (1974); *Shearer v. Congdon,* 25 Wis.2d 663, 131 N.W.2d 377 (1964).

[3] *Fromm & Sichel, Inc. v. Ray's Brookfield, Inc.,* 33 Wis.2d 98, 103, 146 N.W.2d 447 (1966), where we stated, " 'Injunctions are not to be issued lightly.' " Quoting *Bartell Broadcasters, Inc. v. Milwaukee Broadcasting Co.,* 13 Wis.2d 165, 171, 108 N.W.2d 129 (1961).

[4] *Id.* at 103, where we held: "The general rule is that, 'Injunctions do not issue for inconsequential or trivial causes.' " Quoting *Milwaukee Electric Railway & Light Co. v. Pallange,* 205 Wis. 126, 134, 236 N.W. 549 (1931).

[5] In *Akin v. Kewaskum Community Schools,* 64 Wis.2d 154, 159, 160, 218 N.W.2d 494 (1974), the court held: " 'The writ [temporary injunction] is to a great extent a preventative remedy; and where the parties are in dispute concerning their legal rights, it will not ordinarily be granted until the right is established. . . .' " Quoting from *Mogen David Wine Corp. v. Borenstein,* 267 Wis. 503, 509, 66 N.W.2d 157 (1954).

[6] *Pure Milk Products Coop. v. NFO, supra,* n. 2 at 251. *See also: Fromm & Sichel, Inc. v. Ray's Brookfield, Inc., supra,* n. 3.

[7] *Joint School v. Wisconsin Rapids Ed. Asso., supra,* n. 2, at 308.

[8] *Shearer v. Congdon, supra,* n. 2, at 668. *See also: De Pauw v. Oxley,* 122 Wis. 656, 100 N.W. 1028 (1904).

While standards for the granting of temporary and permanent injunctive relief differ,[9] the presence of irreparable injury and inadequate remedy at law are relevant factors to consider in granting either temporary or permanent injunctions for the reason that, "[I]f it appears . . . that the plaintiff is not entitled to the permanent injunction which his complaint demands, the court ought not to give him the same relief temporarily."[10] Thus, a showing of irreparable injury and inadequate remedy at law is required for a temporary as well as for a permanent injunction.

Applying this statute and these guidelines to the denial of a temporary injunction in the case before us, it is clear that no abuse of discretion was present. The complaint alleges a breach of contract by Grootemaat. This court does not normally accord injunctive relief in a breach of contract case.[11] However, here the appellants sought temporary and permanent injunctive relief against the honor of demands for payments under a letter of credit.[12] Such relief is permitted by statute.[13] Thus the

[9] *Shearer v. Congdon, supra,* n. 2, at 668, 669, where we stated that in a temporary injunction situation, "[W]here one party is prohibited from acting only until the question of legal rights can be resolved, a showing of irreparable damage would not be as critical."

[10] *Vredenburg v. Safety Devices Corp.,* 270 Wis. 36, 39, 70 N.W.2d 226 (1955).

[11] *See, e.g., Ed Schuster & Co. v. Kuryer Pub. Co.,* 165 Wis. 327, 162 N.W. 173 (1917).

[12] Sec. 405.103(1)(a), Stats., defines a "letter of credit" as "[A]n engagement by a bank or other person made at the request of a customer and of a kind within the scope of this chapter (s. 405.102) that the issuer will honor drafts or other demands for payment upon compliance with the conditions specified in the credit. A credit may be either revocable or irrevocable. The engagement may be either an agreement to honor or a statement that the bank or other person is authorized to honor."

[13] Sec. 405.114(2)(b), Stats.

appellants' claim for injunctive relief is actually a separate claim from that for damages for breach of contract, even though it is not so pleaded.

Letters of credit are governed by ch. 405, Stats., art. 5 of the Uniform Commercial Code. This chapter imposes on the First National Bank of Waukesha, the issuing bank in this case, a duty to determine whether the documents presented by Grootemaat, the beneficiary of the credit, appear on their face to be in accordance with the terms of the credit.[14] Having fulfilled this duty, it must honor a complying draft or demand regardless of whether the documents conform to the underlying contract between the appellants and the respondent.[15] However, there are some situations when an issuer may decide whether or not to honor the demand and in those situations a court may enjoin such honor. These situations are specified in sec. 405.114(2), Stats. Except as to a presenter who is a holder in due course, which the respondent, a party to the underlying transaction is not, the statute provides as follows:

"In all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery or other defect not apparent on the face of the documents *but a court of appropriate jurisdiction may enjoin such honor.*"[16] [Emphasis supplied.]

The trial court in this case considered this statute as controlling as to whether an injunction enjoining the honoring of a letter of credit may be issued. We agree that sec. 405.114(2)(a), Stats., here controls. The test

[14] Sec. 405.109, Stats.

[15] Sec. 405.114(1), Stats.

[16] Sec. 405.114(2)(b), Stats.

for granting injunctive relief is whether or not appellants have shown "fraud, forgery or other defect not apparent on the face of the documents."[17] The "fraud" of which appellants complain is what they term the "equitable fraud" of the respondent's seeking payment under a letter of credit after rejecting the M & I bank loan, allegedly in bad faith, thereby causing the conditions precedent for payment under the credit to come about. To accept so broad a definition of the word "fraud" would make "fraud" a synonym for "breach of contract," the underlying claim made in this complaint.

One court has said that the circumstances which will justify an injunction against the honor of a letter of credit under the Uniform Commercial Code "must be narrowly limited to situations of fraud in which the wrongdoing of the beneficiary has so vitiated the entire transaction that the legitimate purposes of the independence of the issuer's obligation could no longer be served."[18] Another court recently has held that the type of fraud contemplated by the code provision must be "fraud in the factum and not fraudulently calling the letter of credit."[19] A third court has held that fraud sufficient to enjoin honoring a letter of credit must be "fraud in the formation of the underlying contract."[20] In the case before us, the only condition attached to the issuance of the letter of credit was failure to comply with the conditions stated in the letter of commitment, i.e., a failure to complete a building by a day certain. Compliance with all of the legal obligations of the parties

[17] Sec. 405.114(2)(b), Stats.

[18] *Intraworld Industries, Inc. v. Girard Trust Bank*, 336 A.2d 316, 324 (Pa. 1975).

[19] *Bossier Bank & Trust Co. v. Union Planters Nat. Bank*, 550 F.2d 1077, 1082 (6th Cir. 1977).

[20] *Baker v. National Boulevard Bank of Chicago*, 399 F Supp 1021, 1024 (N.D. Ill. 1975).

under the various contracts between them was neither an express nor implied condition for demand, under the letter of credit.[21] Neither in the allegations of the complaint nor in the testimony at the hearing do we find any foundation for a claim of that species of fraud on the part of the respondent which, under the statute, would authorize a court from enjoining the honor of the credit. The trial court concluded that the appellants did not show fraud, forgery, or other defect not apparent on the face of the documents, and we uphold its conclusion. There is no showing of reasonable probability that the requirements of sec. 405.114(2)(b), Stats., are met.

Even if the requirements of the statute had been met, granting an injunction is not mandatory. The statute says "may," not "must." These appellants still had the burden of showing that their demand for injunctive relief is within the court's guidelines for that form of relief. These include an "inadequate remedy at law" and "irreparable injury." As the trial court pointed out, they did not succeed in so doing. Since the appellants can under the trial court's order amend their complaint to include the amount of $12,560 which they must reimburse the bank upon its payment of the draft,[22] their damage is not "irreparable" and their remedy at law is "adequate."

[21] *Compare: Dynamics Corp. of America v. Citizens & Southern Nat. Bank,* 356 F. Supp. 991 (N.D. Ga. 1973), where compliance with a legal obligation of the underlying contract was a condition for demands under the credit and where a temporary injunction against honor of the credit was upheld. In that case the insolvency of the plaintiff and the necessity of suing a foreign government to recover on the underlying contract were facts making the remedy at law inadequate.

[22] *See:* Sec. 405.114(3), Stats. *See also:* Sec. 405.111(1), Stats., imposing on the respondent the warranty of presentment, *i.e.,* a warranty that upon presentment "the necessary conditions of the credit have been complied with." Since this warranty runs in favor of "all interested parties," including the customer of the

The trial court's order denying a temporary injunction is affirmed.

*By the Court.*—Order affirmed.

bank, it gives an issuer who wrongfully honors a demand a remedy against the beneficiary.