Calvert Distillers Corporation, Respondent, vs. Goldman, Appellant.

*May 4—June 7, 1949.*

72

*Fred R. Wright* of Milwaukee, for the appellant.

For the respondent there was a brief by *Quarles, Spence & Quarles,* attorneys, and *Arthur Wickham* and *Edmund W. Powell* of counsel, all of Milwaukee, and oral argument by *Mr. Wickham.*

ROSENBERRY, C. J.   While the appeal is from the injunction *pendente lite* of December 13, 1948, and from that part of the order which denied defendant's motion to vacate the *ex parte* restraining order issued on November 19, 1948, the questions for decision are really presented by the appeal from that part of the order of December 13, 1948, which granted a temporary injunction pending the final determination of the action.   The restraining order of November 19, 1948, was by its terms effective only until the determination of the order of November 19, 1948.   A further order having been entered on December 13th, the order of November 19th was superseded and no longer of any force or effect.   *Ritholz v. Ammon* (1942), 240 Wis. 578, 4 N. W. (2d) 173.   The answer not having been served until December 13, 1948, and not filed until December 14, 1948, it was not before the court on the 23d day of November, 1948, when the hearing was had.   The matter therefore stands upon the complaint and the affidavits filed in support of and opposing the motion heard on November 23, 1948.

The appellant contends that the trial court abused its discretion in granting the injunction *pendente lite.*   Appellant argues that the restraining order cannot be sustained because the essential allegations of the complaint must be positively stated.   The material parts of the complaint have already been set out.

It appears from paragraph 4 that some time prior to November 15, 1940, the plaintiff began the practice of selling its products, including those hereinafter mentioned, exclusively under contracts known and referred to as fair-trade contracts, and that by virtue of said contracts it was agreed that said

products would not be sold at prices below those periodically set out in plaintiff's consumer's price list. We are at a loss to understand how allegations could be more positively and clearly stated.

In paragraph 6 of the complaint it is alleged that the defendant has "wilfully and knowingly advertised . . . and wilfully and knowingly offered for sale and has sold plaintiff's said products at prices less than those set forth in its [plaintiff's] latest consumer's price list."

These two allegations state the essence of a cause of action under the Fair Trade Contracts Statute. The verification of the complaint sets out that Alfred B. Chandler is Wisconsin state manager of the plaintiff, and that,

". . . he was such agent in relation to the business out of which the cause of action set forth in plaintiff's complaint in this action arose; that he has read the above and foregoing complaint and knows the contents thereof; that the same is true of his own knowledge, except as to matters therein stated on information and belief, and that as to such matters he believes it to be true."

The allegations of paragraphs 4 and 6 of the complaint being positively stated, the exception found in the verification does not apply. It is true that the allegations of paragraph 5 are upon information and belief and could hardly be made otherwise. It is considered that the allegations of the complaint are made with sufficient positiveness to sustain the restraining order and the temporary injunction.

In response to the motion of the plaintiff to enter a temporary injunction each of the parties filed affidavits in support of their respective positions. In addition to the allegations contained in the complaint, affidavits on behalf of the plaintiff set forth that the defendant had notice of the fact that plaintiff's products were sold under the Fair Trade Act. The defendant filed an affidavit by himself in which he denied that he had such notice. It would extend this opinion to a great

length to set out the substantial parts of these affidavits. It is clear from an examination of the record that the affidavits raised a question as to credibility of the affiants. The trial court found that the defendant had such notice, and there are abundant facts stated in the affidavits to support that finding.

The appellant further contends that the order appealed from granting an injunction *pendente lite* specified a restraint which is in excess of the statutory authority to contract. Sec. 133.25, Stats., subs. (4) and (5), provides:

"(4) Every contract containing the provisions referred to in subsection (3) shall include the provision that such commodity may be resold without reference to such contract in the following cases:

"(a) In closing out in good faith the owner's stock or any part thereof for the purpose of discontinuing delivering any such commodity.

"(b) When the goods are damaged or deteriorated in quality, and notice is given to the public thereof.

"(5) Wilfully and knowingly advertising, offering for sale or selling any commodity at less than the price stipulated in any contract referred to in subsection (3), whether or not the person so advertising, offering for sale or selling is a party to such contract, is unfair competition and is actionable at the suit of any person damaged thereby."

This contention was first raised in this case in the appellant's briefs on appeal. It was not brought to the attention of the trial court in any way. If and when the defendant intends to avail himself of the provisions contained in pars. (a) and (b) of sec. 133.25 (4), Stats., he should apply to the trial court for a modification of the temporary injunction.

The appellant further contends that the plaintiff's products in possession of the appellant were purchased by him prior to his receiving notice that they were sold pursuant to the terms of the Fair Trade Act, and therefore sec. 133.25, Stats., does not apply. We fail to find any provision in the Fair Trade Act which sustains appellant's contention. It appears, how-

ever, from the affidavits that the defendant had notice on November 19, 1948, and thereafter continued to make sales in violation of the Fair Trade Act.

The only provision in the Fair Trade Act relating to notice to an offending retailer is that he is guilty of unfair-trade competition which is actionable only if the sales are made *wilfully and knowingly*. The defendant did not challenge the sufficiency of the complaint. While the court did not make formal findings it must have considered that for the purpose of deciding the motion the plaintiff had at least made a *prima facie* case of liability of the defendant under the Fair Trade Act, and therefore had sold plaintiff's products in violation of the terms of the Fair Trade Act knowingly and wilfully.

Upon the whole record it is considered that the trial court did not abuse its discretion in making the order of December 13, 1948, granting the plaintiff a temporary injunction.

*By the Court.*—The order appealed from is affirmed.

MARTIN, J., took no part.