Mogen David Wine Corporation, Appellant, vs. Borenstein, Respondent.

*September 9—October 5, 1954.*

504

For the appellant there were briefs and oral argument by *Albert Bahcall,* attorney, and *Ray J. Aiken* of counsel, both of Milwaukee.

For the respondent there was a brief by *Gold & McCann* of Milwaukee, and oral argument by *Ray T. McCann.*

CURRIE, J. Sec. 268.02 (1), Stats., provides as follows:

"(1) When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a party is doing or threatens or is about to do, or is procuring or suffering some act to be

done in violation of the rights of another party and tending to render the judgment ineffectual, *a temporary injunction may be granted* to restrain such act." (Italics supplied.)

The foregoing italicized words are significant because they clearly demonstrate that the granting of the temporary injunction is not mandatory but only discretionary on the part of the trial court. Counsel for the plaintiff on this appeal concede that this is true but contend that it was an abuse of discretion for the trial court to have denied the application for temporary injunction.

Plaintiff's complaint does not allege the existence of any contract between plaintiff and defendant requiring defendant to sell only upon prices fixed by plaintiff. It does allege that plaintiff had made "fair-trade contracts" with other purchasers in Wisconsin pursuant to the Wisconsin Fair Trade Act (sec. 133.25, Stats.) and had notified defendant of the making of such contracts, and that its products were to be sold retail only in accordance with such fair-trade contracts. Such allegations are similar to those before this court and held to be sufficient in the case of *Calvert Distillers Corp. v. Goldman* (1949), 255 Wis. 69, 37 N. W. (2d) 859. The proof of the existence of any such fair-trade contracts with other purchasers in Wisconsin would be a vital essential to plaintiff's cause of action in the trial upon its merits.

However, the answer of the defendant denied the existence of any such contracts and thus put such existence at issue. While it is true that such denial was made upon information and belief, the defendant would hardly have actual knowledge of the existence of any contracts made between plaintiff and third parties, so that such denial upon information and belief was entirely proper. Upon the hearing of the motion for temporary injunction plaintiff offered no proof by verified or conformed copy supported by affidavit, or otherwise, of the existence of any such fair-trade contracts with any other

Wisconsin wholesalers or retailers. The absence of such proof would alone be sufficient to justify the trial court in refusing to grant the temporary injunction requested.

A second ground, which would make it no abuse of discretion for the trial court to have denied the motion for a temporary injunction, is the fact that the answer of defendant raised a defense grounded upon a point of law which would have to be decided by the trial court either on the application for temporary injunction, or at the trial on its merits, before granting any injunctive relief to plaintiff. The issue we have reference to is that of the failure of the plaintiff, a foreign corporation, to have a license to do business in Wisconsin under the provisions of sec. 180.801, Stats. If the acts of the plaintiff in the making of fair-trade contracts in Wisconsin constituted the transacting of business within the meaning of sec. 180.801, then the plaintiff would be barred from prosecuting the instant action under the provisions of sec. 180.847. The pertinent provisions of such two statutes are as follows:

"180.801 ADMISSION OF FOREIGN CORPORATION. (1) A foreign corporation shall procure a certificate of authority from the secretary of state before it shall transact business in this state or acquire, hold, or dispose of property in this state. . . ."

"180.847 TRANSACTING BUSINESS WITHOUT CERTIFICATE OF AUTHORITY. (1) No foreign corporation transacting business or acquiring, holding, or disposing of property in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall be permitted to maintain or defend a civil action or special proceeding in any court of this state, until such corporation shall have obtained a certificate of authority. . . ."

When an issue of law, such as that raised by the allegation in the answer as to failure of the plaintiff to be licensed to transact business in Wisconsin, is raised in good faith and an application is made by the plaintiff for temporary injunc-

tion, we deem it to be discretionary with the trial court whether to. pass upon the question of law at the time of such application for temporary injunction, or to defer so doing until the trial on the merits.

We approve of the following statement appearing in the opinion of the Iowa supreme court in the case of *Beidenkopf v. Des Moines Life Ins. Co.* (1913), 160 Iowa, 629, 639, 142 N. W. 434, 437, 46 L. R. A. (NS) 290:

"The writ [temporary injunction] is to a great extent a preventive remedy; and where the parties are in dispute concerning their legal rights, it will not ordinarily be granted until the right is established, especially if the legal or equitable claims asserted raise questions of a doubtful or unsettled character."

A third basis upon which the trial court might properly have denied the motion for temporary injunction is that ordinarily temporary injunctions are granted to maintain the *status quo,* and not to upset the same. This principle was clearly enunciated by this court in *State ex rel. Attorney General v. Manske* (1939), 231 Wis. 16, 21, 285 N. W. 378, as follows:

"The function of a temporary restraining order is to maintain the *status quo,* not to change the position of the parties or compel the doing of acts which constitute all or part of the ultimate relief sought. *Consolidated Vinegar Works v. Brew,* 112 Wis. 610, 88 N. W. 603."

In the instant case the defendant had purchased his stock of wine from the plaintiff some fourteen days prior to the time the plaintiff alleged it made its first fair-trade contracts in Wisconsin under sec. 133.25, Stats., and it is a fair inference that defendant commenced selling such wine at prices determined by himself prior to such "fair trading" by plaintiff of its products. There was no allegation in the pleadings or affidavits before the trial court upon the hearing for tem-

porary injunction that the acts on defendant's part which plaintiff sought to enjoin were any different after September 22, 1953, than they were before. Therefore, the temporary injunction, if granted, would have disturbed the *status quo* and prevented the defendant from continuing to sell plaintiff's wine in the same manner he had been doing since acquiring his stock thereof on September 8, 1953. The situation would be entirely different if there were proof that either the defendant had been selling at prices prescribed in the plaintiff's price list, or had contracted so to do, and thereafter deviated therefrom by cutting the established prices. In such latter situation a temporary injunction, instead of disturbing the *status quo,* would tend to preserve it.

It is our considered conclusion that for the reasons hereinbefore stated there were ample reasons which would have justified the learned trial court in denying the motion for temporary injunction, and therefore such denial did not constitute an abuse of discretion.

*By the Court.*—Order affirmed.