**ANGLO–AMERICAN INVESTMENT TRUST, LTD., a Bahamian trust corporation, Plaintiff,**

v.

**Fred H. PEARSON, Defendant.**

**No. 68–C–228.**

United States District Court
E. D. Wisconsin.

Jan. 15, 1969.

Edward D. Cleveland and Don S. Peterson, Milwaukee, Wis., for plaintiff; Whyte, Hirschboeck, Minahan, Harding & Harland, Milwaukee, Wis., of counsel.

Gilbert W. Church and Gerald J. Neal, Milwaukee, Wis., for defendant; Foley, Sammond & Lardner, Milwaukee, Wis., of counsel.

## OPINION AND ORDER

REYNOLDS, District Judge.

The plaintiff, Anglo-American Investment Trust, Ltd. (hereinafter referred to as "Anglo-American"), is a Bahamian trust corporation with its principal place of business in Nassau, Bahama. It is owned by Edward St. George, a resident of The Bahamas, and his brother, Charles St. George, an insurance broker of London, England.

The defendant, Fred H. Pearson (hereinafter referred to as "Pearson"), is an insurance broker in Chicago.

Anglo-American and Pearson each own 50 per cent of Cameron General Corporation (hereinafter referred to as "Cameron") which is a Delaware holding company which was formed in November 1967 and owns a majority of the voting stock of All-Star Insurance Corporation, a Wisconsin corporation (hereinafter referred to as "All-Star"). The All-Star stock is Cameron's only asset.

Cameron's attorney also represented Anglo-American and Pearson in their individual capacities in drafting some agreements collateral to the formation of Cameron. One of these agreements was a "Buy-Sell Agreement," dated February 8, 1968, in which Pearson and Anglo-American agreed to the procedure to be used in selling their stock in Cameron.

This action was brought by Anglo-American in the state courts to compel Pearson to sell his stock in Cameron pursuant to this agreement. Pearson has counterclaimed for a judgment declaring that the offer made by Anglo-American is null and void because of alleged conditions that it contained and

that Anglo-American should be required to satisfy another obligation.

Without going into the details of many complicated business arrangements, it is apparent that on the date this action was commenced, Pearson had effective control of Cameron and Anglo-American had effective control of All-Star. It is also clear that a short time prior to the commencement of this action Anglo-American removed Pearson as president of All-Star. The state court then granted Anglo-American an ex parte order restraining Pearson and Cameron from taking any action which would change the management of Cameron or All-Star during the pendency of this action.

This court is satisfied that a valid dispute exists between the parties and essentially that they are fighting for control of All-Star.

Pending a trial on the merits and final decision in this matter, Anglo-American seeks to have the temporary restraining order continued as a preliminary injunction. Pearson opposes this and has moved the court to vacate the temporary restraining order issued by the state court.

Anglo-American has further moved to dismiss the counterclaims of defendant on the ground that they fail to state a claim upon which relief can be granted.

These motions will be separately discussed and decided.

## I. TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

After the ex parte temporary restraining order was obtained from the state court but before a hearing on a preliminary injunction, the action was transferred to this court. A hearing was held in this court upon an order to show cause why the temporary restraining order should not be vacated and the preliminary injunction denied.

Anglo-American's position is that it will suffer irreparable injury if Pearson is allowed to exercise his influence as a stockholder and officer of Cameron. It is contended that this injury will result from Pearson's actions as an officer, board member, and stockholder in influencing the operations of Cameron and thus of All-Star. Anglo-American fears that Pearson will attempt to change the management of either or both of these companies.

Pearson, however, contends that Anglo-American has not shown likelihood of irreparable injury nor sufficient probability of ultimate success in this lawsuit and, therefore, is not entitled to either the injunction or restraining order.

As this court reads the pleadings, the object of this lawsuit is to compel specific performance of a buy-sell agreement dealing with Cameron stock. However, the injunction is not sought to restrain Pearson from selling his stock but to keep him from exercising his other rights of ownership. The damage which Anglo-American claims it will sustain on the denial of a preliminary injunction is the influence Pearson could exert over the corporations involved. This is exactly the same "threat" which Pearson faces at the hands of Anglo-American if the injunction is granted.

This court does not believe it is appropriate in this case, where each party owns 50 per cent of the stock in the corporation directly involved, to tip the balance of corporate control by virtue of a court order. Moore's Federal Practice, Vol. 7 (2d ed.), states at page 1628:

"[T]he trial court should exercise its discretion in such manner as to safeguard the interests of both parties and it may be improvident for it to grant a preliminary injunction which permits the plaintiff to obtain an undue advantage by acting while the hands of his adversary are tied by the writ, or where the preliminary injunction gives the plaintiff essentially all the actual advantage which could be obtained from a final adjudication."

Such also appears to be the position taken by the Seventh Circuit in Corica v. Ragen, 140 F.2d 496 (1944).

Goldman v. Henry's Drive In, Inc., 314 F.2d 162 (7th Cir.1963), sustains the proposition that state law governs in the granting or denial of a preliminary injunction in a diversity suit. The function of a preliminary injunction is to maintain the status quo. Mogen David Wine Corp. v. Borenstein, 267 Wis. 503, 66 N.W.2d 157 (1954). In the case at bar, granting a preliminary injunction would alter the status quo by prohibiting Pearson from doing that which prior to the injunction both Pearson and Anglo-American could do—i.e., exercise the rights each possesses by virtue of ownership of 50 per cent of Cameron stock.

## II. MOTION TO DISMISS COUNTERCLAIM

The allegations in the counterclaim are taken as admitted on a motion to dismiss for failure to state a claim. 2A Moore's Federal Practice, ¶ 12.08, at 2244.

In Asher v. Ruppa, 173 F.2d 10, 12 (7th Cir.1949), the court said:

"* * * The law is now settled that upon motions to dismiss a complaint on the ground that it does not state a claim upon which relief can be granted, *the complaint should be construed in the light most favorable to the plaintiff*, with all doubts resolved in his favor and the allegations accepted as true. * * * *And if, in view of what is alleged, it reasonably can be conceived that plaintiff can upon the trial make a case which would entitle him to some relief, the complaint should not be dismissed. * * **" (Emphasis added.)

The crux of the dispute between the parties is the interpretation of the buy-sell agreement. Plaintiff contends that it has made a valid offer; defendant asserts that the offer is not in accordance with the agreement and that Anglo-American should be required to satisfy another obligation. Consequently, if the court were to grant a motion to dismiss the counterclaim at this time, the court would in effect be declaring that the plaintiff's interpretation of the buy-sell agreement is correct. This the court is not willing to do at this time. There appears to be substantial dispute as to what in fact the parties intended the agreement to comtemplate. Assuming, for the purpose of deciding this motion to dismiss, that the defendant has asserted the correct interpretation of the agreement, defendant has stated a claim upon which relief can be granted.

For all the foregoing reasons,

It is ordered that plaintiff's motion for a preliminary injunction be and it is hereby denied.

It is further ordered that defendant's motion to vacate the temporary restraining order be and it is hereby granted.

It is further ordered that plaintiff's motion to dismiss the counterclaim be and it is hereby denied.