**514**

**Byford ELWONGER, Plaintiff,**

**v.**

**CAREER ACADEMY, INC., Defendant.**

**No. 71–C–409.**

United States District Court,
E. D. Wisconsin.

April 20, 1972.

Hersh, Stupar, Stepke, Gollin & Schulz by Frederick Hersh, Milwaukee, Wis., for plaintiff.

Godfrey & Kahn by William H. Alverson and James Ward Rector, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

The plaintiff in this action has moved, pursuant to Rule 12(b) (6), Federal Rules of Civil Procedure, for an order dismissing the defendant's counterclaim. The complaint alleges that the plaintiff entered into a contract with the defendant under which the plaintiff was named a "regional director" for the defendant's correspondence and on-campus study programs. The plaintiff asserts that the defendant has violated the Sherman and Clayton Antitrust Acts by subjecting him to certain "unlawful and anticompetitive conditions and practices."

In a decision and order filed on November 30, 1971, this court denied the defendant's motion for a more definite statement. 54 F.R.D. 85 (E.D.Wis.1971). The defendant subsequently filed an answer which contained three separate defenses and the following counterclaim:

"During the period between January 19, 1968 to January 22, 1971, Defendant made advances to and on behalf of Plaintiff for advertising and supplies on an open account basis for which a

net indebtedness of $17,798.38 remains due and owing to Defendant by Plaintiff, for which Defendant has made due demand and Plaintiff has refused to pay."

The defendant's answer also contained a prayer for judgment upon its counterclaim in the amount of $17,798.38, together with interest and costs.

The plaintiff argues that the counterclaim is "a mere legal conclusion without facts showing defendant was bound by the advances." He also contends that the counterclaim fails to allege that there was a contract between the parties or that "there is any legal reason that the plaintiff has an obligation to indemnify or reimburse the defendant."

Notwithstanding the plaintiff's arguments, I am of the opinion that the motion to dismiss the counterclaim must be denied. "The allegations in the counterclaim are taken as admitted on a motion to dismiss for failure to state a claim. 2A Moore's Federal Practice ¶ 12.08, at 2244." Anglo-American Investment Trust, Ltd. v. Pearson, 294 F.Supp. 1150, 1153 (E.D.Wis.1969). Under Rule 8(a)(2), a pleading which sets forth a counterclaim need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Furthermore, under Rule 8(a)(1), no statement of the grounds upon which the court's jurisdiction depends is necessary if "the claim needs no new grounds of jurisdiction to support it."

In United States v. White County Bridge Comm'n, 275 F.2d 529, 535 (7th Cir. 1960) the court stated:

"The general principle that pleadings are intended 'to serve as a means of arriving at fair and just settlements of controversies between litigants' is firmly established. Maty v. Grasselli Chemical Co., 1938, 303 U.S. 197, 200, 58 S.Ct. 507, 509, 82 L.Ed. 745. To that end they are to be construed liberally in favor of the pleader. . . . A pleading is judged by its substance and not its form."

See also Asher v. Ruppa, 173 F.2d 10 (7th Cir. 1949); Rule 8(f), Federal Rules of Civil Procedure.

The defendant's counterclaim conforms to the requirements of Rule 8(a)(2). Furthermore, a party is not required to set out in detail the facts upon which his claims are based. Garza v. Chicago Health Clubs, Inc., 329 F.Supp. 936, 942 (N.D.Ill.1971). Such details may be obtained through the use of the discovery techniques authorized by Rules 26–37. Finally, the counterclaim in the case at bar is consistent with the general language of certain of the forms found in the appendix to the Federal Rules of Civil Procedure, especially forms 5, 8, and 20.

Therefore, it is ordered that the plaintiff's motion to dismiss the defendant's counterclaim be and hereby is denied.