AKIN and others, Appellants, v. KEWASKUM COMMUNITY SCHOOLS, JOINT SCHOOL DISTRICT NO. 2, and others, Respondents.

*No. 512. Argued May 6, 1974.—Decided June 17, 1974.*
(Also reported in 218 N. W. 2d 494.)

---

[8] *Hoffman v. Red Owl Stores, Inc., supra,* footnote 1, at page 698.

For the appellants there were briefs by *Goldberg, Previant & Uelmen*, attorneys, and *Walter F. Kelly*, of counsel, all of Milwaukee, and oral argument by *Mr. Kelly*.

For the respondents there was a brief by *McKenna Law Office* of Kewaskum, attorneys for respondents Kewaskum Community Schools, Joint School District No. 2, Thomas Gundrum, and Floyd Brenholt; *Flanagan, Steinhilber & Chaney* of Oshkosh, attorneys for respondent Thern Associates, Inc.; and *Melli, Shiels, Walker & Pease, S. C.*, of Madison, attorneys for respondent Westra Construction, Inc.; and *Aldwin H. Seefeldt* and *Schloemer, Schlaefer & Alderson, S. C.*, all of West Bend, of counsel; and oral argument by *James K. Pease*.

BEILFUSS, J. Although the plaintiffs-appellants state this issue in a much more detailed manner, we believe the issue to be whether the trial court abused its discretion in refusing to grant the plaintiffs' motion for a temporary injunction.

This action has not been tried. The trial court had before it only the motion supported by extensive affidavits, the complaint and arguments of counsel. The issues, both factual and legal, must await a trial and should not be disposed of upon the record as it now stands.

Sec. 268.02 (1), Stats.,[1] provides that the trial court may grant a temporary injunction during the litigation

---

[1] "When it appears from his pleading that a party is entitled to judgment and any part thereof consists in restraining some act, the commission or continuance of which during the litigation would injure him, or when during the litigation it shall appear that a

if it appears from the pleadings that a party is entitled to a judgment and the commission or continuance of the acts sought to be restrained would injure him.

This court has stated:

"It is an elementary rule of law that the granting or refusal of a temporary injunction is a matter lying within the discretion of the trial court, and its determination in regard thereto will not be upset on appeal unless an abuse of discretion is shown. *Fassbender v. Peters* (1923), 179 Wis. 587, 588, 191 N. W. 973; *Culligan, Inc. v. Rheaume* (1955), 269 Wis. 242, 248, 68 N. W. (2d) 810. The merits of the case are not before this court on the instant appeal; the only question is whether the trial court abused its discretion. *Bartell Broadcasters v. Milwaukee Broadcasting Co.* (1961), 13 Wis. (2d) 165, 171, 108 N. W. (2d) 129." *Codept, Inc. v. More-Way North Corp.* (1964), 23 Wis. 2d 165, 171, 127 N. W. 2d 29.[2]

One of the reasons given by the trial court for denying the motion for a temporary injunction was that the plaintiffs had not established a reasonable probability that they would ultimately prevail in a trial of the issues. In *Mogen David Wine Corp. v. Borenstein, supra,* page 509, we held:

' "We approve of the following statement appearing in the opinion of the Iowa supreme court in the case of *Beidenkopf v. Des Moines Life Ins. Co.* (1913), 160 Iowa 629, 639, 142 N. W. 434, 437, 46 L. R. A. (NS) 290:

" 'The writ [temporary injunction] is to a great extent a preventive remedy; and where the parties are in dispute concerning their legal rights, it will not ordinarily be

---

party is doing or threatens or is about to do, or is procuring or suffering some act to be done in violation of the rights of another party and tending to render the judgment ineffectual, a temporary injunction may be granted to restrain such act."

[2] *Boerschinger v. Elkay Enterprises, Inc.* (1965), 26 Wis. 2d 102, 122, 132 N. W. 2d 258, 133 N. W. 2d 333; *Shearer v. Congdon* (1964), 25 Wis. 2d 663, 665, 131 N. W. 2d 377; *Culligan, Inc. v. Rheaume* (1955), 269 Wis. 242, 247, 68 N. W. 2d 810; *Mogen David Wine Corp. v. Borenstein* (1954), 267 Wis. 503, 507, 66 N. W. 2d 157.

granted until the right is established, especially if the legal or equitable claims asserted raise questions of a doubtful or unsettled character.' " *See also: Codept, Inc. v. More-Way North Corp., supra,* page 172.

The plaintiffs concede that a common school district, under the statutory law of Wisconsin and the cases construing it, is not required to advertise and accept the lowest responsible competitive bid in construction projects.

*Consolidated School Dist. v. Frey* (1960), 11 Wis. 2d 434, 439, 105 N. W. 2d 841, states:

". . . The letting of a construction contract by the school district, however, was not governed by sec. 66.29 in any other sense. Sec. 66.29 does not apply to contracts by a public body for public work unless that body is charged by some other statute with the duty of advertising for, and receiving, proposals for such public work. *Cullen v. Rock County* (1943), 244 Wis. 237, 12 N. W. (2d) 38. . . ."

And in *Menzl v. Milwaukee* (1966), 32 Wis. 2d 266, 271, 145 N. W. 2d 198, we held:

"If the contract in question is not subject to the provisions of the bid section, the city is not bound by that type of procedure and even, after determining to invite bids, may reject any or all bids and ask for new bids, or may contract on the basis of reasonable business judgment with one who is not the low bidder. *Cullen v. Rock County* (1943), 244 Wis. 237, 240, 12 N. W. (2d) 38; 10 McQuillin, Mun. Corp. (3d ed.), pp. 272–274, sec. 29.31."

The main thrust of the plaintiffs' argument is that the law in Wisconsin should be changed. They contend that if a municipality is not obligated to advertise for competitive bids by statute, but has in fact done so, it must pursue that course to finality. In support of this argument they cite and quote a Minnesota case, *Griswold v. County of Ramsey* (1954), 242 Minn. 529, 65 N. W. 2d 647. That case, in the main, does support their argument.

The trial court acknowledged the *Griswold* decision and the plaintiffs' argument in support of adopting the *Griswold* rationale. However, the trial court concluded that to adopt *Griswold* would be inconsistent with our prior cases construing the statutes as to the necessity of competitive bidding by specified municipalities, and that it was not proper to do so in ruling upon a motion for a temporary injunction. The trial court concludes, in effect, that it would not predict whether this court would change the law.

This reasoning is supported by *Culligan, Inc. v. Rheaume, supra,* at page 250:

" 'Where an issue of law is raised by the defendant, it is discretionary with the trial court whether to pass on the question of law at the time of the application for temporary injunction or to defer so doing until the trial on the merits.

" '*Mogen David Wine. Corp. v. Borenstein,* 267 Wis. 503.

" 'As we interpret the language of the court in the case of *Mogen David Wine Corp. v. Borenstein,* 267 Wis. 503, the trial court may pass on the questions of law raised and grant the temporary injunction if the questions of law are decided adversely to the defendant or he may deny the request for temporary injunction and pass on the legal questions at the time of the trial, . . .' "

The plaintiffs contend that the actions of the school board were arbitrary and capricious and that this would entitle them to the injunction. Support for this theory can be found in *Menzl, supra,* page 271, where this court said that:

"If the contract in question is not subject to the provisions of the bid section, the city is not bound by that type of procedure and even, after determining to invite bids, may reject any or all bids and ask for new bids, or may contract on the basis of reasonable business judgment with one who is not the low bidder. *Cullen v. Rock County* (1943), 244 Wis. 237, 240, 12 N. W. (2d) 38, 10 McQuillin, Mun. Corp. (3d ed.), pp. 272–274, sec. 29.31."

The board's actions cannot be arbitrary and capricious and must be based on "reasonable business judgment." However, the trial court stated that the determination of arbitrariness or capriciousness were questions of fact which it could not decide without a trial. That opinion is again within the trial court's realm of discretion.

The trial court did conclude that the appellants did have the necessary standing as taxpayers under *S. D. Realty Co. v. Sewerage Comm.* (1961), 15 Wis. 2d 15, 112 N. W. 2d 177, and that the appellants could establish the necessary permanent and irreparable injury as required by *Reed v. Jones* (1857), 6 Wis. 655 (\*680). However, the trial court further stated that in spite of this, the granting of a temporary injunction is discretionary and that weighing the effect on the appellants as taxpayers against the effect on the children in the schools who would be forced to continue to attend on split shifts and in inadequate facilities, the court could not exercise its discretion in favor of granting the injunction.

We are of the opinion that the trial court thoroughly considered the matter, both factually and legally, and did not abuse its discretion in denying the plaintiffs' motion for a temporary injunction.

*By the Court.*—Orders affirmed.