DORIS J. HANSON, Secretary Department of Administration
You have asked for an opinion interpreting those parts of sections 16.75(1)(a) and 16.855(1), Stats., which state that a preference shall be given for Wisconsin businesses when the department awards contracts. Your letter states that since these provisions have been enacted, the department has interpreted them as meaning that a preference would be given only if the Wisconsin bidder and an out-of-state bidder had the exact same low bid. You enclose a letter from Governor Warren P. Knowles. dated March 10, 1970, in which he states that when signing into law the bill which amended section 16.855(1) to provide a preference for Wisconsin-based firms, he interpreted that preference as applying only in the event there was a tie between bidders, one of which was an out-of-state firm and the other a Wisconsin-based firm. I conclude that both sections 16.75 and 16.855(1) should be interpreted as providing a preference for Wisconsin-based firms only when the bidding results in a Wisconsin firm and an out-of-state firm submitting an identical bid.
Section 16.75(1)(a) provides that all contracts for materials, supplies, equipment and contractual services. except for some enumerated exceptions, must be awarded to the lowest responsible bidder. The statute goes on to enumerate some of the factors to be considered in defining lowest responsible bid and then states a "preference shall always be given to materials, supplies. equipment and contractual services of Wisconsin producers. distributors, suppliers and retailers."
Section 16.855(1) requires the department to let by contract to the lowest qualified responsible bidder all construction work when the estimated cost of the construction exceeds $30,000. The second sentence states: "In the absence of compelling reasons to the contrary, preference shall be given to Wisconsin-based firms."
Neither statute is clear. On its face, section 16.75(1)(a) simultaneously requires that the department award contracts to the lowest responsible bidder and always give preference to Wisconsin businesses. The "preference" is not defined at all. Similarly, section 16.855(1) requires the department to award contracts to the lowest *Page 49 
responsible bidder, but to give preference to Wisconsin-based firms in the absence of "compelling reasons to the contrary." The statute does not suggest what reasons may be considered compelling. Neither statute defines a Wisconsin business or a Wisconsin-based business.
When the language of a statute is ambiguous or unclear, we must examine the scope, history, context, subject matter and object of the statute in order to discern the intent of the Legislature. A statute must be interpreted in such a way as to avoid absurd or unreasonable results. Green Bay Redevelopment Authority v. BeeFrank, 120 Wis.2d 402, 409, 355 N.W.2d 240 (1984). If possible, provisions of a statute which appear to conflict should be construed harmoniously in order to give effect to the primary purpose of the statute. State v. Schaller, 70 Wis.2d 107, 110,233 N.W.2d 416 (1975).
The primary purpose of competitive bidding statutes like sections 16.75 and 16.855 is to assure that the state receives the highest quality materials and workmanship at the lowest possible price. 66 Op. Att'y Gen. 284 (1977). Both statutes provide for exceptions to this general policy in limited and unusual circumstances, e.g., sections 16.75(2)(b) and 16.855
(10). This legislative policy would be frustrated if a Wisconsin firm, which was not the lowest bidder, had to be awarded the contract each time an out-of-state firm submitted the lowest bid. Quite obviously, such a practice would also discourage out-of-state bidders from participating in the state's contracts. thereby further frustrating the legislative goal of competitive bidding.
I cannot conclude that the Legislature intended that any preference for Wisconsin businesses overcome the specifically stated requirement of awarding contracts to the lowest qualified bidder. Although the legislative history of the statutes is unenlightening on specific legislative intent, I believe it is important that the language which provides a preference for Wisconsin businesses was inserted after the requirement of awarding contracts to the lowest responsible bidder. State v.Consolidated Freightways Corp., 72 Wis.2d 727, 737,242 N.W.2d 192 (1976). I conclude. therefore, that the preference for Wisconsin businesses expressed in sections 16.75 and 16.855 must defer to the more specific requirement that contracts be awarded to the lowest bidder. *Page 50 
I also conclude that in the case of identical low bids between a Wisconsin contractor and an out-of-state contractor, the contract must be awarded to the Wisconsin bidder. This interpretation gives effect to the Wisconsin preference without doing violence to the specific requirement of awarding contracts to the lowest qualified bidder. This interpretation also obviates the necessity of the department engaging in determinations of what are compelling reasons in any given contract; a lower bid would be a compelling reason not to give a preference.
In reaching the conclusion that the preference for Wisconsin businesses operates only in case of a tie bid, I have not relied on either former Governor Knowles' letter or your agency's interpretation of the statutes. My interpretation of the statute, however, coincides with Governor Knowles' understanding and your departments administering of the statute. The United States Supreme Court has said that agency interpretation of an ambiguous statute and the uniform practice of a department charged with administering the statute can be convincing when interpreting an ambiguous statute. State of Wisconsin v. State of Illinois,278 U.S. 367 (1929). The seventh circuit has noted that when interpreting a statute, a court may give special credence to contemporaneous constructions of statutes by the agency charged with administration of the statute. Chacon v. Hodgson, 465 F.2d 307
(7th Cir. 1972). Our supreme court has long held that the construction and interpretation given to a statute by the agency which is charged with the duty of enforcing the statute is entitled to great weight and any rational basis will sustain its practical interpretations. School Dist. of Drummond v. ERC,121 Wis.2d 126, 132-33, 358 N.W.2d 285 (1984). Governor Knowles understanding of the preference language and your agency's interpretation of the statutes support my interpretation of the statute.
BCL:AML