CAL W. KORNSTEDT, Corporation Counsel, Dane County
You have asked for my opinion as to whether a county may award public works contracts for $20,000 or less only to companies employing union labor and only to companies which are not involved in labor disputes.
As worded, the question contains ambiguities. Even a nonunion employer can have in its employ some who are union members, and the phrase "labor dispute" can include even the simplest grievance pending before an arbitrator. To avoid this ambiguity, therefore, I will construe your question to be whether a county can award public works contracts only to companies which have recognized a labor organization as the representative of its employes in an appropriate collective bargaining unit, commonly referred to as a unionized employer, and only to employers that are not engaged in a strike or lockout because of a dispute with such a labor organization.
In my opinion a county cannot deny contracts to employers engaged in labor disputes. Virtually this same question was decided by the United States Supreme Court in Golden StateTransit v. City of Los Angeles, 475 U.S. 608 (1986) (GoldenState I). There, a city conditioned an employer's franchise renewal on settlement of a labor dispute. The Court held that the city's action was preempted by the National Labor Relations Act (NLRA), 29 U.S.C. § 151, et seq., under the principle that forbids state and local government from "intrud[ing] into the collective bargaining process." 475 U.S. at 619. Even the governmental interest in ensuring "uninterrupted service to the public" does not *Page 87 
permit limiting strike activity made permissible under the NLRA.Id. at 618. Conversely, a governmental unit may not restrict an employer's ability to resist a strike. Id.
Under this holding, therefore, it matters not whether the county wishes to help the employer, help the union or help the public. The dispositive fact is that Congress has declared certain aspects of the collective bargaining process to be beyond the control of state and local government. In a sequel to Golden State I, the Supreme Court held that a city is liable for the attorney's fees of a party that successfully sues the city for intruding into the collective bargaining process contrary to the NLRA preemption rules. The NLRA preemption rules create an "interest in being free of governmental regulation[,] . . . a right specifically conferred on employers and employees by the NLRA." GoldenState Transit Corp. v. City of Los Angeles, ___ U.S. ___,110 S.Ct. 444, 452 (1989) (Golden State II; footnote omitted).
Your second question, whether a county can favor unionized employers in the award of contracts, also must be answered no. First, the Legislature has not enabled counties to make such a choice. As you have correctly pointed out, counties have only such powers as the Legislature has conferred on them expressly or by clear implication. Maier v. Racine County, 1 Wis.2d 384,385, 84 N.W.2d 76 (1957). Section 59.08 (1), Stats., provides that counties must let contracts exceeding $20,000 to the lowest responsible bidder. The duty to award to the lowest responsible bidder applies even if the lowest responsible bidder is nonunion.See McQuillan, Municipal Corporations, section 29.48 (3rd ed. 1990). I believe the result must be the same even for contracts of $20,000 or less. For public bodies must employ the most advantageous contract terms possible even when competitive bidding is not required. Cf. Akin v. Kewaskum CommunitySchools, 64 Wis.2d 154, 162, 218 N.W.2d 494 (1974) (governmental body must exercise reasonable business judgment). Thus, it is generally held that favoring unionized employers conflicts with a municipality's duty to make the most advantageous contract for the taxpayers. McQuillan, op. cit. *Page 88 
But even if the county had authority to favor unionized companies to the exclusion of the nonunionized companies, such an exclusion probably would violate the NLRA preemption doctrine. I am aware, of course, that a federal appeals court has held that NLRA preemption principles are not violated by such favoritism. See Image Carrier Corp. v. Beame, 567 F.2d 1197,1202 (2nd Cir. 1977), cert. denied, 440 U.S. 979 (1979). Further, I am aware that another federal appeals court has had an opportunity to disagree with that holding but chose to distinguish it instead. See Gould, Inc. v. Wisconsin Dept. of Industry, Labor,750 F.2d 608, 613 (7th Cir. 1984), aff'd., 475 U.S. 282 (1986). But both those decisions predate Golden State I and GoldenState II. Whereas Image Carrier Corp. rested on the absence of evidence of actual interference with protected NLRA rights, theGolden State cases found preemption without evidence of such actual interference. Instead, adverting to an earlier preemption decision in Lodge 76, International Association of Machinists andAerospace Workers, AFL-CIO v. Wisconsin Employment Rel.Com'n, 427 U.S. 132 (1976), the Court held that there exists an area of conduct, or a zone of activity, which Congress meant to be free from all state regulation. "The Machinists rule creates a free zone from which all regulation . . . is excluded." GoldenState II, 110 S.Ct. at 451 (footnote omitted). The NLRA gives employes the free choice whether to exercise collective bargaining rights. NLRA, section 7. Hence, whether an employer is unionized remains free from all state regulation.
Accordingly, in my opinion the answer to both your questions is no.
DJH:CDH *Page 89